## GERALD AND WIFE *vs.* McKENZIE ET AL.

[BILL IN EQUITY, FILED BY HUSBAND AND WIFE, TO PROTECT THE WIFE'S SEPA-RATE ESTATE, SECURED BY MARRIAGE SETTLEMENT, FROM SALE UNDER EXECU-TION AT LAW.]

1. *Husband, as trustee, may interpose a claim at law.*—If no trustee is provided for in the marriage settlement, the legal title to the separate estate of the wife is necessarily vested in the husband, if he reduces the property into possession; and having the legal right, he may interpose a claim at law, when her property is levied on, and try the right of property.

2. *But wife cannot compel him to interpose, and may therefore come into equity.*—But, although the husband, in such case, may assert his legal title at law, yet the wife cannot compel him to do so, and for this reason she may at once apply to a court of equity for the protection of her rights.

3. *Provisions of Code (§ 2131) apply only to separate estates created by law.*—Section 2131 of the Code, which authorizes the wife to sue alone when the suit relates to her separate estate, applies only to separate estates created by statute, and not to those which were created by the act of the parties before the existence of the statute.

4. *Bill filed by husband and wife held her bill alone.*—When a bill, which is filed in the name of husband and wife, concerns only the separate estate of the wife, seeks only to establish and protect her rights and interests, and asks no relief for or against her husband, it will be regarded as the bill of the wife alone, and the husband will be considered only her trustee or next friend.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. WADE KEYES.

THIS bill was filed by the appellants, (Pearly S. Gerald, and Camilla, his wife,) to protect certain slaves, in which Mrs. Gerald claimed a separate estate, from sale under execution

at law, at the suit of John McKenzie against Justus Wyman.
It alleged, in substance, that the complainants, in 1837, prior
to their marriage, entered into a marriage contract, by whose
terms all the property of the said Camilla was settled to her
sole and separate use, free from the control and dominion of
her husband, but no trustee was provided for, nor has any
been since appointed ; that, in 1852, Mrs. Gerald, through
her husband, purchased the negroes now in controversy from
said Justus Wyman, in satisfaction of a judgment which she
had previously recovered against him and others ; that said
negroes were allowed to remain in the possession of said Wy-
man under a contract of hiring, and, while in his possession
under said contract, were levied on as his property under
execution in favor of said McKenzie ; that said McKenzie in-
demnified the sheriff to make said levy, and is urging him to
sell ; and that said Wyman is the only witness by whom said
contracts of sale and hiring can be proved.

The chancellor dismissed the bill for want of equity, and
his decree is now assigned for error.

N. HARRIS, and ELMORE & YANCEY, for appellants :

1. The allegations of the bill as to the sale of the slaves
under execution, their probable loss, and the threatened mul-
tiplicity of suits against different purchasers, are sufficient to
give the court jurisdiction.—Calhoun v. King, 5 Ala. 525 ;
Walker v. Miller, 11 *ib.* 1067 ; Lewis v. Hudson, 6 *ib.* 465 ;
2 Story's Equity, § 845.

2. The fact that Mrs. Gerald had no trustee appointed to
hold the property, gave the court jurisdiction.   When a sep-
arate estate is secured to the wife under a marriage settle-
ment, and no trustee is appointed by the deed, the husband is
only regarded as her trustee in equity : he has no right to sue
for the property in a court of law.—2 Story's Equity, § 1380;
Harkins v. Coulter, 2 Port. 465 ; Fellows, Wadsworth & Co.
v. Tann, 9 Ala. 1003.   The bill prays for general and " ap-
propriate relief" ; under which prayer, and the facts stated
in the bill, it would be the duty of the court to appoint a
trustee, " who shall become a depositary of the legal estate."
Fellows, Wadsworth & Co. v. Tann, *supra.*

3. The fact that Wyman was the only witness to the con-

tract of hiring, gave the court jurisdiction.—Jordan v. Loftin, 13 Ala. 548. Wyman was a competent witness in equity, although declared incompetent by the Code on the trial of the right of property at law.—Code, §§ 2289, 2291, 2921 ; Kirksey v. Dubose, 19 Ala. 50, and cases there cited, as to the construction of the old statute.

WM. B. MOSS, *contra:*

1. There is no equity in the bill. The title set up to the slaves levied on, is purely a legal title, and might be asserted at law, either by the interposition of a claim under the statute, or in trover, detinue, or case. No circumstances are shown, which could prevent a court of law from giving adequate compensation in damages.—Code, §§ 602, 2587, 2588 ; Bissell & Carville v. Lindsay, 9 Ala. 162 ; Marriott & Hardesty v. Givens, 8 *ib.* 694. Whether the legal title is in Mrs. Gerald, or in her husband, makes no difference. If it is in him as trustee, he has all the above-mentioned or other adequate remedies at law, and there is no allegation that he refuses to sue, or to put in a claim.—9 Ala. 162 ; *ib.* 364. If it is in the wife, (and it must be in one or the other of them,) she has the same remedies in her own name, it being her separate property : she could seek redress at law, or put in a claim under the statute.—Code, §§ 602, 2131.

2. That the slaves are hired out for the year, and therefore complainant could not sustain a claim under the statute, if it be a true proposition, would only be ground for a bill *quia timet*, which this is not : it is a bill to investigate the right of property, and prays a perpetual injunction.—Nance v. Cox, 16 Ala. 126. But the proposition itself is denied. If the interest of the bailee was subject to execution, as in case of a mortgagor before the law-day, there might be ground to resort to equity to preserve the security ; but the interest of the defendant in execution in the property is specially exempted from levy by the Code (§ 2455.) The right of possession is not in issue, but the right of property.—Code, § 2588.

3. A right to the statutory remedy, unless section 602 of the Code be held merely declaratory, excludes the right to resort to equity. It is not merely declaratory of the common law, for the reason, that the language forbids such a construc-

tion. The common-law rule had its fixed and certain verbiage and terms—viz., " a plain and adequate remedy at law." Before the adoption of the Code, cumulative statutory remedies were held not to take away equity jurisdiction, because the rule was always construed with reference to the distinctive features of the systems in England, from which we get both our common-law and equity jurisprudence. But the legislature has adopted new terms and a new verbiage : instead of the language of the old rule, we now have " a plain and adequate remedy provided in the other judicial tribunals." This, therefore, must have been intended to adapt the chancery jurisdiction to our own system provided by the Code ; which conclusion is strengthened by the fact, that the spirit of our whole recent legislation has been, not to enlarge, but to limit the jurisdiction of equity, by providing against the necessity of frequent resort to it. By showing, then, that complainant had "a plain and adequate remedy provided in the other judicial tribunals," she has no right to come into equity.

4. That the defendant in execution is the only witness by whom the retention of possession can be explained, furnishes no ground for equity jurisdiction. No discovery is sought from the execution creditor ; Wyman is merely a witness ; and the complainants resort to equity, to evade the statute which, from a wise public policy, has made him incompetent. Story's Equity, §§ 1489, 1499. They could, however, have had the benefit of his testimony, in trover, detinue, or case.

GOLDTHWAITE, J.—As there was no trustee provided by the marriage settlement, the legal title necessarily vested in the husband by the marriage, if he reduced the property into possession, for the reason, that the separate estate created in the wife by the settlement is the creature of equity alone, and the possession could not in a court of law be referred to it, and must therefore be considered as attaching to the husband in that character. We concede that, having the legal right, he might have maintained an action at law for any direct or consequential injury done to the property, and, also, that he might interpose a claim and try the right under sections 2587, 2588, 2589, &c., of the Code.

We agree, also, that the mere fact that a trust has been

created, is not, of itself, sufficient to carry the property into equity, and give jurisdiction to that court to determine disputes which may arise in relation to it (Colburn v. Broughton, 9 Ala. 351 ; Marriott v. Givens, 8 Ala. 694) ; and this principle applies, in cases where there is some one who is not only clothed with the legal title, but invested with the duty of executing the trusts. In such case, there is an obligation resulting from the acceptance of the trust, to take such measures as may be essential to its protection. But by the law of marriage, no such duty devolves upon the husband. He may assert his legal title in a court of law, if he chooses to do so, but the wife cannot demand it of him ; and she can at once apply to a court of equity, which interposes to protect the trust created for her benefit, on the ground that the law confers upon her no right to call upon another to interfere in her behalf, in a legal tribunal. This identical question was, in fact, decided in Crabb v. Thomas, 25 Ala. 212.

It is urged, however, on the part of the appellee, that under the Code (§ 2131) the wife is authorized to sue in her own name, in a court of law, whenever the suit relates to her separate estate. Whether the terms of this section are broad enough to warrant a suit by the wife for damages, for the injury or conversion of the property to which the section applies, or to institute in her own name a claim to try the right, it is unnecessary now to decide, as we are of the opinion that the section referred to does not apply to the separate estate of the wife which, as in this case, was not created by the law, but by the act of the parties before the existence of the law. What we mean by this is, that the statute has created for the wife an estate, which it has declared shall not be subject to the debts of the husband (Code, § 1982), and to which certain incidents are attached (§§ 1983, 1987, 1989) ; and this estate is the only separate estate which the Code recognizes, and its provisions have no application to equitable estates or interests in the wife which were created by the act of the parties before the passage of any statute, and to which other and different incidents attach.

It follows, that as Mrs. Gerald could not sue at law as a *feme sole*, nor call upon her husband as a matter of right to interpose his legal title for her protection, chancery is the

only forum to which application could be made ; and although the bill is in form the bill of the husband and wife, yet, as in substance and in fact, it only concerns the separate estate of the wife, and seeks only to establish her rights and protect her interests, and asks no relief for or against the husband, he will be regarded as her next friend, or trustee, and the bill taken as if it had been thus framed.—Michan & Wife v. Wyatt, 21 Ala. 813.

In relation to the merits of the suit upon the evidence, we say nothing, for the reason, that they were not passed upon by the chancellor.

Decree reversed, and cause remanded ; the appellees paying the costs of this court.