WILLIS, ADM'R, &c., vs. CADENHEAD.

[PETITION FOR DISTRIBUTION OF ESTATE OF DECEASED WIFE.]

1. *Statute of distribution (Code, § 1990), as to separate estates of married women dying intestate, construed.*—The provisions of the Code (§§ 1990, 1997), regulating the distribution of the separate estate of a married woman dying intestate,

do not apply to separate estates created by deed before the 1st March, 1848, although the marriage took place after that day; and the husband, in such case, takes nothing under the statute.

APPEAL from the Court of Probate of Butler.

The proceedings in this case were had on the petition of Anna E. Cadenhead. by her guardian, for distribution of the estate of her mother, Sarah A. S. Willis, of which George T. Willis, the surviving husband of the said Sarah, was the administrator. On the hearing of the petition, as appears from the bill of exceptions, "the petitioner proved that the said Sarah A. S. Willis, whose maiden name was King, first intermarried with one Isaac N. Cadenhead. and afterwards gave birth to the petitioner, who is her only living child; that the said Isaac N. Cadenhead then died. and the said Sarah afterwards, on the 3d October, 18.. intermarried with the defend ant, George T. Willis; that the said Sarah died on the ꞏ1ꞏ July, 1853, and the said defendant administered on her estate on the 26th August, 1853; and that more than eighteen months had elapsed, after the grant of said letters of administration, before the commencement of this proceeding." The petitioner then introduced a deed of gift from Henry King, dated October 5, 1845, by which, in consideration of natural love and affection, he conveyed certain negroes to the said Sarah, who was his daughter, "to have and to hold to the said Sarah, in her own separate right, free and exempt from all debts or contracts whatever of any husband she may hereafter marry, and her heirs forever, in fee simple;" "which said deed was regularly proved and recorded as the law directs." She further proved, "that the slaves mentioned in said deed were returned by said administrator as a part of said estate; and that said deed was executed and delivered to her mother at the time it bears date. And the petitioner thereupon insisted, that she was the sole distributee of said estate, so far as the negroes named in said deed are concerned, and entitled to a decree of the court ordering the administrator to deliver them to her as such."

"The defendant proved, that he lived with the deceased, as her husband, from the time of their marriage until her death, on the 21st July, 1853; and that said slaves were in

31

the possession of the deceased, under said deed, at the time of his intermarriage with her, and remained in his and her possession until her death. And he thereupon insisted, that said slaves were subject to distribution between himself and said petitioner, and that the court ought to decree that he retain one-half of said slaves."

" Upon this state of facts, there being, as appeared from the proof, sufficient property, aside from said slaves, to more than pay all the debts of the estate, the court ordered, adjudged, and decreed, that the petitioner was entitled to the entirety in said slaves, and that the defendant deliver the same to her; whereupon the defendant excepted."

This decree is now assigned as error.

Wm. P. CHILTON, for the appellant.

WATTS, JUDGE & JACKSON, contra.

RICE, C. J.—The provisions of sections 1990 and 1997 of the Code do not apply to the separate estate of a married woman, which was created before her marriage, by a deed executed in 1845, containing a provision that such separate estate should be " free and exempt from all debts or contracts whatever of any husband" she might thereafter marry.—Gerald v. McKenzie, 27 Ala. Rep. 166; Friend v. Oliver, 27 Ala. Rep. 532; Cunningham v. Fontaine, 25 Ala. R. 644; Kidd v. Montague, 19 Ala. R. 618; White v. White, 4 Howard's Practice Rep. 102; Perkins v. Cottrell, 15 Barb. Sup. Ct. Rep. 446; Ratcliff v. Dougherty, 34 Miss. Rep. 181; Bronson v. Kinzie, 1 How. (U. S.) Rep. 311; Green v. Biddle, 8 Wheat. Rep. 1. By virtue of that deed, rights vested in her, which could not be divested, nor impaired, by any subsequent legislative enactment.—Bronson v. Kenzie, 1 How. (U. S. Sup. Ct.) Rep. 311, and other authorities cited supra. And we cannot presume that the legislature, in adopting the provisions of the Code in relation to separate estates, intended to violate the constitution by attempting to impair her rights under that deed. If sections 1990 and 1997 of the Code apply to her separate estate, we think it very clear that sections 1983, 1987 and 1988 would also apply to it; because, we believe the words " separate estate", as used in each of those several

sections, have precisely the same meaning and extent. And it is undeniable, that the legislature had no constitutional power to make the provisions of sections 1983, 1987 and 1988 applicable to her separate estate created by said deed. The fair conclusion is, that the legislature did not intend to apply the provisions of any of the sections above cited to her separate estate; or to any separate estate created by deed prior to the 1st of March, 1848.

Upon her dying intestate in July, 1853, leaving her only child and husband surviving, her husband is not entitled to any part of such separate estate under section 1990 of the Code, or any other statute provision; but all of such estate, after the payment of the debts and charges against the estate, belongs to her child, under sections 1572 and 1581 of the Code.

The counsel for the appellant has not argued any questions except such as are, in effect, decided adversely to appellant by the propositions above laid down. And as we are satisfied there is no error in respect to those questions, we affirm the decree of the probate court.