## PICKENS and WIFE vs. OLIVER.

[ACTION BY HUSBAND AND WIFE TO RECOVER SLAVES, WIFE'S SEPARATE PROPERTY.]

1. *When wife must sue or be sued alone.*—Under the provisions of the Code, (§§ 1982, 1997, 2131,) in suits relating to the wife's separate estate created by statute, she must sue and be sued alone, where the suit is for the *corpus* of the property, or for damages to the property itself, as distinguished from its use ; and where the rents, income and profits of the property are the mere incident of a suit for the property itself, and not the foundation of the suit, she may recover them.

2. *When husband must sue alone.*—Where the wife's separate estate is created by contract, and such contract appoints no trustee, the husband alone has the right of action, after he has once reduced the property to possession ; and where the separate estate is created by statute, but the rents, income and profits are the foundation of the suit, he must sue alone.

3. *When husband and wife must be joined.*—Husband and wife must be joined, either as plaintiffs or defendants, in suits not relating to her separate estate created by statute, where the marriage took place before the 1st March, 1848, and the object of the suit is to reduce to possession some chose in

action of the wife of which the husband has never had possession, either actual or constructive; or where the separate estate is created by contract, which contract appoints no trustee, and the husband has never reduced the property to possession; or where the action is brought for a tort committed by or upon the wife; or where it was necessary, at common law, on account of her interest, that the wife should be joined. But where the wife has a purely equitable interest in the subject-matter of the suit, which, before the adoption of the Code, was cognizable only in a court of equity, her remedy is still in that court, and is not affected by section 2131 of the Code.

4. *Sufficiency of complaint.*—In an action by husband and wife, to recover slaves which are alleged to be the separate property of the wife, a complaint, in the form given in the Code (p. 552) "for the recovery of chattels in specie," is sufficiently certain and definite, on demurrer, although it does not allege whether the wife's separate estate was created by contract or by statute, or whether the husband has ever had possession of the slaves during coverture; but no recovery can be had, under such a complaint, upon a cause of action which does not authorize husband and wife to join as plaintiffs.

APPEAL from the Circuit Court of Butler.

The record does not show the name of the presiding judge.

THIS action was brought by James V. Pickens and Margaret C., his wife, against Samuel Oliver ; and the complaint, to which a demurrer was sustained, was in these words :— " The plaintiffs claim of the defendant, as the separate estate of Margaret C. Pickens, wife of said James V. Pickens, the following slaves, Amy, a woman, and her three children, Jane, Austin, and Mima ; with the value of the hire of said slaves, or use thereof, during their detention, to-wit, from the 1st January, 1849." The sustaining of the demurrer is the only matter now assigned as error.

THOS. WILLIAMS, for the appellant.—The principle is well settled, that where the wife is the meritorious cause of action, the husband may or not join her.—Morris v. Boothe and Wife, 8 Ala. 907. This action is brought to recover for the conversion of the wife's separate estate. Where there is no trustee, the legal title is in the husband, if he reduces the property to possession.—Gerald and Wife v. McKenzie, 27 Ala. 166. But how is the court to know whether or not there is a trustee ? That must depend upon the proof ; and the rules of pleading do not require that the proof should be set out in the declaration. In the action of trover or detinue, the plaintiff is not required to set out his title : he alleges

only that the property is his, and that it is detained, or has been converted ; and whether the property is his or not depends on the evidence adduced in support of his title.　He might, with equal propriety, be required to set out his proof as to how the conversion occurred.　It is not pretended that a *feme covert* can sue at law; but, if she renders services, or is slandered, or assaulted and beaten, she may join with her husband in the action.　The case of Gibson v. Land, 27 Ala. 117, does not assert that the wife cannot be joined, but only that the husband may sue alone.

WATTS, JUDGE & JACKSON, *contra.*—1. At common law, the wife had no legal existence, and could not sue alone. Her separate estate could only be protected in equity ; she could maintain no action at law for its recovery.　Unless the statute law gives the wife a remedy in her own name, she has none at law ; and the statute gives her no remedy.—Gerald and Wife v. McKenzie, 27 Ala. 166 ; Friend v. Oliver, 27 Ala. 534.

2. Nor can the wife be joined with the husband in suing for her separate estate.　She has no standing in a court of law, as to her separate estate, except by virtue of some statute. The cases in which she may be joined are all defined ; and the declaration must set forth the facts showing her right to be joined.—1 Chitty's Pleadings, 73, 71 ; Gibson v. Land, 27 Ala. 117.

3. The complaint only alleging that the property sued for was the separate estate of the wife, without undertaking to show how it was held, or its character, the legal title vested in the husband as trustee, and he alone ought to have sued. Friend v. Oliver, *supra.*

STONE, J.—It has been settled in this court, that the latter clause of section 2131 of the Code relates exclusively to separate estates of married women created by our statutes. Gerald and Wife v. McKenzie, 27 Ala. 166; Friend v. Oliver, *ib.* 134; Willis v. Cadenhead, 28 Ala. 472 ; Gibson v. Marquis and Wife, at the present term.

It is also settled in this State, that when a married woman has a separate estate, created by contract, and not governed

by the Code, and such contract appoints no trustee, her husband becomes her trustee by operation of law, and the legal title of her personal property vests in him, so soon as he reduces it to possession.—Gerald and Wife v. McKenzie, and Friend v. Oliver, *supra*; Land v. Gibson, 27 Ala. 117. In Friend v. Oliver, this court said, "In such case, the husband alone has the right of action."

In determining what separate estates are created by law, and thus brought under the influence of the second clause of section 2131, as construed by the previous decisions of this court, it is proper that we should consider sections 1982 and 1997 of the Code. Section 1982 declares, that "all property of the wife, held by her previous to the marriage, or which she may become entitled to after the marriage, *in any manner*, is her separate estate." Section 1997 declares, that the provisions of article 3, chapter 1, title 5, part 2, of the Code, "are operative on the estates of all married women, who have been married, or have received property by *descent, gift, or otherwise*, since the first of March, 1848."

We hold, that these sections relate to, and provide for, estates of married women which are made separate by operation of law; estates created by descent, gift, or in some other manner, without words which would have created a separate estate before our statutes on the subject; and not to estates which, independent of legislation, would have been separate by operation of the instrument or contract creating them.

We once entertained doubts of the correctness of the construction of section 2131, as given in Gerald v. McKenzie, and Friend v. Oliver. Further reflection has satisfied us that those decisions take the only correct view which can be taken of that section. If we were to depart from them, and hold that that section, which, we admit, relates only to the remedy, is alike applicable to estates made separate by law and by contract, we would involve ourselves in inextricable difficulties, both in rendering and enforcing judgments; difficulties, for the solution of which no legislative provision has yet been made. We therefore cheerfully re-affirm those decisions.

We have thus defined the character of separate estate for which the wife must sue and be sued alone under section 2131

of the Code. We think this rule must be confined to suits for the *corpus* of the property, and for damages to the property itself, as distinguished from its use. The rule as to the *rents*, *income*, and *profits* of the separate estate, is different. In these the husband has an interest, because he is not liable to account for them.—§ 1983.

We think that, under the article of the Code above referred to, the husband, so long as he continues the trustee of his wife's separate estate, is entitled to the entire "rents, income and profits," which accrue from it during the continuance of the trust, and that in them the wife has no interest.—Andrews v. Huckabee, at the present term. For these, if they are the *foundation* of the suit, the husband alone must sue. If they be the mere incident of a suit to recover the property, or its value, another principle of law operates upon it. The law abhors a multiplicity of suits. We cannot suppose that the legislature intended by the Code to split up demands, or to increase the number of suits. One of their objects was, to simplify proceedings. Damages for the detention of chattels, are, under the general rule, recoverable in an action of detinue ; or, as it is described in the Code, an action "for the recovery of chattels in specie."—Code, p. 552. Both the chattel, and the damages for its detention, were, before the Code, recoverable in one action. We hold, then, that notwithstanding the husband, until his removal from the trust under sections 1994–5–6 of the Code, is entitled to the rents, income and profits of his wife's separate estate, accruing during coverture; yet, when the suit relates to the separate estate, and it becomes necessary for the wife to sue alone, pursuant to section 2131, she may recover damages, if any have been incurred, as incidental to the trespass or detention of the chattel.

The first branch of section 2131 of the Code has not been construed by this court. It was not intended to embrace suits which relate to the separate estates of married women created by law. They were provided for by the latter branch of that section. We must, then, seek some field for its operation, other and distinct from the estates of married women which become separate by operation of law.

The Code does not propose to remove all the legal inca-

pacities of married women. Beyond its express provisions, they are no more *sui juris* than they were before its adoption. See Gibson v. Marquis and Wife, at the present term. This incapacity to sue, and exemption from suit, results not from any express declaration to that effect, but from the fact that their disabilities and immunities, as they existed at common law, have been only partially removed.

The first clause, then, of section 2131 operating upon rights and liabilities of married women which do not relate to their estates made separate by law, the inquiry arises, what is *the interest* which a married woman must have in the *subject-matter of the suit,* which renders it necessary that she should be joined with her husband ? It is clear she must be joined, either as plaintiff or defendant, in every case, (not relating to her estate made separate by operation of law,) where by the rules of the common law it was necessary, on account of her interest, that she should be joined with her husband. This will include the following cases at least, which are put only by way of example :

1. When the marriage took place before the first of March, 1848, and it is necessary to bring suit to reduce to possession some *chose* in action of the wife, of which the husband has never had the possession, either actual or constructive.

2. When the wife has a separate estate, created by contract, which contract appoints no trustee. In such case, whether the marriage took place before or since March 1st, 1848, the same rule prevails as in the case last above stated. The husband becomes trustee by virtue of the marriage—not by virtue of any contract creating him such ; and to reduce the property to possession by force of his marital rights, he must join his wife in the action.

3. In all cases where an action is brought for a tort committed upon or by a married woman.

In each of these cases, the wife has such an interest in the subject-matter, as brings her within the imperative provisions of the statute.—1 Chitty's Pleadings, 83-4.

We are aware that, in some standard authorities, it is said that the husband may sue alone, in detinue, to recover the chattels of the wife which are detained from him, although he has never had either an actual or constructive possession

of them.—See 1 Chitty's Pl. 139 ; 1 Brighton Husband and Wife, 34–5. Some authorities go so far, as to assert that, in such case, he alone can sue.—1 Chitty's Pl. 84; Bacon's Abr. 'detinue.' There are other authorities, which hold that, in such cases, the wife may be joined.—See Broome v. King, 10 Ala. 819 ; Johnson v. Pastun, Cam. & Nor. 464. We think the latter the much sounder principle.

In all such cases, the rights of the husband, *as husband*, do not attach to the personal goods of the wife, unless he reduce them to possession, actual or constructive, during the continuance of the coverture. If he die before they are so reduced to possession, the right to the property, at common law, survived to the wife, and did not go to the husband's personal representative.—See, on this point, the numerous authorities collated in Mason v. McNeill, 23 Ala. 201 ; Gibson v. Land, 27 Ala. 117 ; Walker v. Fenner, 28 Ala. 367. This right of survivorship being in the wife, we think the much better practice, in every such case, would have been, even at common law, to join the wife as plaintiff ; so that, in case the husband died before the termination of the suit, the action might have been continued in the name of the wife as survivor.—Addison on Contracts, 340.

However this right of election may have existed at the common law, the first clause of section 2131 of the Code relieves the question of all further doubt. Marriage, at the common law, did not divest the wife of *all interest* in her *choses* in action. The right of survivorship remained in her. This right was not destroyed, until her husband reduced the property to possession, actual or constructive, and in this way became himself the owner of the entire property. This interest in her made it necessary to join her in some of the forms of action at law, and permitted her to be joined in every action that might be brought to recover such *chose* in action. This interest was at least a *quasi* legal right, because courts of law recognized and enforced it. Being an *interest in the subject-matter of the suit*, which courts of law would recognize and protect, the first clause of the section of the Code above cited, declares that, in suits relating to such property, she *must* be joined either as plaintiff or defendant.

It may be further contended, that, inasmuch as the wife

who owns a separate estate, created by contract, has a continuing interest in the subject-matter, even after the husband has once reduced the property to possession, she should be joined, as plaintiff or defendant, in all subsequent as well as prior litigation in regard to it.   We confess we were at one time inclined to adopt this view, as applicable to all cases where the instrument creating the separate estate appoints no trustee.   We now think otherwise.

It will be borne in mind, that all the provisions of the statute law of this State, which speak of the separate estates of married women, refer to those estates made separate by statute, and to none others,   In all other respects, married women are left where the common law placed them, with the single exception of the changes wrought by the first clause of section 2131.   That clause does not define the nature of the interest in the subject-matter, which makes it necessary to ·join her in the suit.   Can we presume that, by the term *"interest,"* the legislature intended to obliterate the dividing line ·between common-law and equity jurisdiction ?   We think not.

Unaided by the provisions of the Code, the right which a married woman has in her separate estate cannot be regarded or enforced in her name, in a court of law.   The trustee named in the instrument, if one be named ; or, if none be named, her husband, holds and asserts the legal title.—See Gerald and Wife v. McKenzie, 27 Ala. 170 ; Crabb v. Thomas, 25 Ala. 212 ; Clancy's Rights of Married Women, p. 251 ; 2 Bright on Husband and Wife, 214, 254.

If, after the property has been reduced to possession by the husband, during the coverture, whether that possession be in absolute right as husband, or be charged with a trust for the wife, created by contract, (unless the contract, or a decree of some court of competent jurisdiction, has appointed some other person trustee, and thus placed the legal title in such trustee,) the husband has the only right and title which a court of law can recognize.—Friend v. Oliver, *supra.*

We hold, then, that the first clause of section 2131 of the Code does not embrace actions at law, where the wife's interest is purely equitable, and, before the, Code, was cognizable only in a court of equity.   In all such cases, her remedy

is in that court, and is neither enlarged nor abridged by the section of the Code under discussion.

In further vindication of this view, it may not be out of place to remark, that the interest of the wife is frequently as valuable when the deed appoints the trustee, as when it is silent on the subject. Before the Code, the *nature* of the wife's interest was in each case the same ; an interest which was cognizable alone in a court of equity. If the one interest make it necessary to join the wife in common-law suits concerning the property, why not the other? If the husband be trustee created by the deed, and the legal title be thus vested entirely in him, under what rule of pleading could the wife be joined with him, either as plaintiff or defendant, when she had no legal title whatever ? Suppose she be one of many beneficiaries, the husband being the common trustee, she has still an interest. Is she to be joined in this case ? Suppose her interest be qualified, or contingent. How can a court of law protect, or even recognize rights thus complicated and dependent? We think we uphold both the letter and the spirit of the law, when we confine the first clause of section 2131 to such interests of the wife, as, before the Code, would have justified the joining of her name with that of her husband in an action at law.

It will thus be seen, that there are three phases of this question :

1. When the suit is instituted to recover property of the wife, secured to her separate use by statute. In this case, she must sue alone, whether the property has ever been in possession or not.—Code, § 2131.

2. Where the husband has had possession of the property, and afterwards, and during the coverture, such property is converted or detained by another. In this class of cases, the husband must sue alone, whether the property vested in him absolutely as husband, or he acquired a mere trust estate in it, secured by contract to the separate enjoyment of his wife.

3. Where the detention or conversion dates before the marriage, and the property has never been, during the coverture, reduced to possession, actual or constructive. In cases of this class, unless the property is made the separate estate of the wife *by statute*, the husband and wife must join in an action for its recovery, or in a suit for its conversion.

Pickens and Wife v. Oliver.

The complaint in this case simply declares that the slaves sued for are the separate estate of the wife. It does not inform us in which of the above categories they stand. From any thing that expressly appears, the estate may be separate by operation of law ; or, if made separate by contract, that contract may appoint a trustee; or the husband may have had the property in possession, actual or constructive. These questions are all material, and exert a controlling influence over the question of parties to the suit. If a declaration under the old form of pleading were thus indefinite, it would be held bad on demurrer, because it would fail to make a *prima-facie* case, and would therefore be wanting in the requisite certainty. But this complaint was filed under the Code. The form given in the Code, "for the recovery of chattels in specie," does not contain any averment that the property sued for is in the plaintiff.—See Code, p. 552. We have uniformly held those forms sufficient in the actions for which they were framed.—See Noles v. The State, 24 Ala. 672 ; Letondal v. Huguenin, 26 Ala. 552.

We hold that, whenever a complaint pursues the form given in the Code, for the recovery of chattels in specie, it must be understood as claiming and asserting such an interest in the property sued for, as may be recovered in that action by the plaintiff stated in the margin. If, on the trial, the proof fail to show such an interest, it becomes a question of variance between the allegations and proof. If there be a substantial variance, and the defect be either not amendable, or, if amendable, be not in fact amended in the court below, the plaintiff must fail in his suit.

The circuit court erred in sustaining the demurrer to the amended complaint. Its judgment is therefore reversed, and cause remanded.