## FOURNIER *vs.* BLACK.

[ACTION ON PROMISSORY NOTE BY ASSIGNEE AGAINST ASSIGNOR.]

1. *Description of note in complaint.*—In an action on a promissory note by assignee against assignor, in the form given in the Code, (p. 552,) the amount of the note not being stated, the legal intendment is, that its amount is the sum which the plaintiff claims in the commencement of his complaint; and a recovery cannot be had by the plaintiff on a note for a different amount.

2. *Presumption of variance in support of judgment.*—Where the complaint does not, except by legal intendment, state the amount of the note sued on; and the bill of exceptions, while purporting to set out all the evidence, does not show the amount of the note read in evidence, the appellate court will presume, in favor of the correctness of a general charge against the plaintiff's right to recover, that there was a fatal variance in amount between the note described in the complaint and that read in evidence.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. E. W. PETTUS.

THE complaint in this case was as follows:

" Alexander Fournier }
          *vs.*            }  The plaintiff claims of the
     J. M. Black.      }  defendant the sum of one hundred dollars, as the assignee of a note made and executed on the 12th May, 1853, by one A. F. Knight, payable to defendant on or before the 1st day of January next after its date, and assigned by endorsement to the plaintiff; upon which suit could not be brought, against the maker thereof, to the first court after its maturity, because the maker, at that time, had no known place of residence in the State of Alabama; which note, with the interest thereon, is still unpaid.

" And the plaintiff claims of the defendant the further sum of one hundred and twenty-five dollars, as the assignee of a note made or executed on the 12th May, 1853, by one A. F. Knight, payable to the defendant on or before the 1st day of January next after its date, and assigned by endorsement to the plaintiff; upon which an attachment was sued out against the estate of the said A. F.

4

Knight, and garnishment thereon issued against sundry persons, to-wit, Sidney S. Boddie, William E. Clarke and Oliver B. Boddie, who were supposed to be indebted to the said Knight, to the spring term, 1854, of the circuit court of Marengo county, it being the first court after the maturity of said note; upon which said attachment and garnishments no property of the said maker was found, out of which to satisfy said note according to law; and the said note, with interest thereon, is yet unpaid, and the costs of said proceeding were paid by said plaintiff, which is yet due from defendant to plaintiff."

The bill of exceptions is in these words:

" On the trial of this case, at the spring term of said court, 1857, the plaintiff introduced in evidence a promissory note made by A. F. Knight, dated the 12th May, 1853, and payable to the said defendant, or bearer, on or before the 1st day of January next after the date thereof, and which was endorsed by the defendant on the 17th May, 1853; and also proved, that said Knight resided in Marengo county at the time said note was endorsed, and until the middle of April, 1854, when he left the State, or ran away to parts unknown, and had not been back since; and that the first court held after the 1st day of January, 1854, in said county of Marengo, began on the 22d May, 1854. This was all the evidence. The court charged the jury, that if they believed the evidence, they must find for the defendant; to which charge the plaintiff excepted," &c.

The charge of the court is the only matter assigned as error.

Geo. G. Lyon, for the appellant.

Wm. E. Clarke, contra.

Rice, C. J.—The form of the complaint " by assignee against assignor, on assigned note," laid down in the Code, page 552, does not contain any express statement or averment of *the amount* of the note. It proceeds upon the idea, that *the amount* for which the note was given must be the amount which, in the commencement of the com-

plaint or of the count, the plaintiff states he claims of the defendant; and the legal effect of a complaint, containing only one count, by an assignee against the assignor of a note, when the form laid down in the Code is adopted, is the same as if it contained an express averment, that the note was given for the amount which the plaintiff, in the commencement of the complaint, claims of the defendant.—Letondal v. Huguenin, 26 Ala. R. 552; Pickens v. Oliver, 29 Ala. 528; Harris v. The State, at the present term.

When the complaint in that mode discloses the amount for which the note was given, the plaintiff cannot recover under it, upon a note given for a totally different amount. Sawyer v. Patterson, 11 Ala. R. 523.

2. When the complaint discloses the amount of the note, and the bill of exceptions, which purports to set forth all the evidence, fails to show the amount of the note read in evidence, this court cannot intend, in favor of the party excepting, and against the correctness of the charge of the court below, that the amount of the note read in evidence was the same as that of the note described in the complaint. As it does not appear in this case that the amount of the note read in evidence was the same as that of any note described in the complaint, the intendment must here be indulged that it was not the same, because that intendment is not contradicted by anything in the record, and supports the charge of the court below. Barnes v. Mobley, 21 Ala. R. 232.

The incorrectness of the charge is not shown. We cannot say there was error in it.

Judgment affirmed.