# Bentley & Co. *v.* Simmons.

*Action by Husband, for Rents, &c., of Wife's Separate Estate.*

*How husband may sue for rents, &c., of wife's statutory separate estate.* — In an action to recover the rents, income, and profits of the wife's statutory separate estate (Rev. Code, §§ 2372, 2525), the husband is not bound to sue individually, but may sue "as trustee of his wife."

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. JAMES S. CLARK.

This action was brought by William F. Simmons, who described himself in the summons and complaint as suing "as trustee of Vashti A. Simmons, his wife," against Robert F. Bentley and W. B. Irwin, as late partners composing the firm of Bentley & Co.; and sought to recover the price of two bales of cotton sold and delivered by plaintiff to defendants, and which the complaint averred to belong to the rents, income, and profits of the wife's statutory separate estate. The defendants demurred to the complaint, because the plaintiff sued as trustee of his wife, but the court overruled the demurrer; and the judgment on the demurrer is now assigned as error.

H. C. SPEAKE, for appellant.

W. P. CHITWOOD, *contra.*

B. F. SAFFOLD, J. — The exception taken is to the overruling of a demurrer to the complaint, which describes the husband as suing in the capacity of trustee of his wife, to recover rents and profits of her separate statutory estate. The *corpus,* or property out of which the rents and profits are alleged to have accrued is specified.

R. C. 2372 makes the husband trustee of his wife's separate estate, with right to manage and control the same, but without accountability to her for the rents, income, and profits. R. C. 2525 requires husband and wife to join, when she has an interest in the subject-matter of the suit; unless the suit relate

to her separate estate, when she must sue or be sued alone. The exemption of the husband from liability to his wife for the rents, income, and profits, with the privilege given to him of managing the property, forbids his exclusion as a party in a suit to recover them. The same consideration has induced this court to exclude the wife as a party in such suit, as not having an interest in the subject-matter. *Pickens* v. *Oliver*, 29 Ala. 528. I think no harm would result from allowing her to be joined. If a plea of set-off were interposed to the husband's individual suit, he could only reply that the subject of the suit was the income of his wife's separate estate, and, therefore, not liable to his debts. This replication is expressed in a complaint by husband and wife, specifying the interest of the wife.

The same end is equally attained by the husband suing as trustee of his wife. And there is this propriety in it, that his receipt for the property is a full discharge. R. C. 2375. *Pickens* v. *Oliver*, *supra*, means no more than that the wife must not be joined in such suit. The rents, &c., do not belong to the husband. If he neglects to make a proper application of them, he will be removed from his trusteeship. *Boaz* v. *Boaz*, 36 Ala. 334. He holds them as trustee with accountability, unless he otherwise supports his family, and it is only under certain circumstances that the law presumes a gift to him of them from his wife. *Roper* v. *Roper*, 29 Ala. 247 ; R. C. 2383, 2384. As, therefore, the husband is not absolute owner of the rents, income, and profits of his wife's separate estate, he is her trustee of them, and may sue to recover them in that capacity. The demurrer was properly overruled.

The judgment is affirmed.