# Pepper & Co. *v*. Lee.

### *Trial of the Right of Property.*

1. *Statutory estate; what creates.*—A conveyance to a married woman "to her own separate use, benefit and behoof," free from the claims of the hus-

[Pepper & Co. *v.* Lee.]

band, &c., creates an equitable, not a statutory separate estate.

2. *Same; legal title to property.*—Where such a conveyance does not appoint a trustee, the legal title of necessity rests in the husband, and he is the proper person to interpose a claim to try the right of property levied on under process against another.

3. *Charge erroneous; when not ground for reversal.*—Although a charge states the law too broadly to be correct as a general proposition, yet if correct as applied to the facts of the particular case, it cannot be held erroneous.

APPEAL from Circuit Court of Pickens.

Tried before Hon. L. R. SMITH.

Pepper & Co., the appellants, commenced suit by attachment against Dose & Lee, a firm composed of S. M. Dose and B. M. Lee, and an attachment was levied upon twenty-six bales of cotton as the property of defendants. J. J. Lee, the appellee, interposed a claim, under the statute, in his own name, to try the right of property.

On the trial, the plaintiffs after showing the attachment, levy, and rendition of judgment against the defendants, introduced testimony showing that the cotton was in possession of said Dose at the time of the levy, and then rested.

The claimant Lee testified, in his own behalf, that the cotton in controversy was grown upon the plantation of his wife, Narcissa, and that Dose managed the plantation for witness and his wife, and that neither of the defendants had any interest in the cotton, or had contributed anything to carry on the farm. The only title or claim, asserted by the claimant, was "as trustee of his wife's statutory separate estate," as the witness styled himself in his testimony, after referring to a conveyance of the plantation, on which the cotton was grown, made by him to his wife several years previous.

The evidence showed that the cotton, when levied on, was on Mrs. Lee's plantation, and that sixteen bales were marked in her husband's name and the remaining eight were unmarked. Dose remarked at the time of the levy that the cotton belonged to Mrs. Lee, and save the fact that he was in possession, there was no evidence tending to show that the defendant had any title to the cotton.

The claimant not having introduced the deed to Mrs. Narcissa Lee, the plaintiffs offered it, properly proved and authenticated, to show that Mrs. Lee's estate was not a statutory estate, and that the terms of the deed were such as "excluded Lee from being trustee, and that he derived no such title thereby as sustained his claim of title," but the court, on motion of the claimant, would not permit it to go to the jury as evidence.

This deed, which was dated July 29th, 1866, recited that

[Pepper & Co. *v.* Lee.]

J. J. Lee had previously converted several thousand dollars of his wife's distributive share of the estate of her father and mother, for which he had never accounted or settled in any way, and a settlement having been demanded, he therefore conveyed the plantation directly to his wife, said Narcissa, "to her own separate use, benefit and behoof, with full title to the same, free from the claim or interference of myself or any person or persons whatsoever," &c.

The court, at the claimant's request, charged the jury that they "must find that the cotton levied on was the property of the defendants, Lee & Dose, at the time of the levy, otherwise they cannot find it subject to the debt of the plaintiffs."

An exception was reserved to the giving of this charge, and it, and the exclusion of the deed from Lee to his wife, are now assigned as error.

TERRY & WILLETT, for appellant.—Lee in his testimony based his claim solely on the provisions of the deed to his wife. In doing this, he in fact affirmed that the facts recited in, and established by it, were legal and relevant evidence. After that, he can not be heard to complain, that the opposite party introduced higher and better evidence (the deed) of the facts to which he testified. The language of the deed takes it without the influence of the case of *Gerald* v. *Mc-Kenzie*, (27 Ala. 167,) and besides, Lee could not prevent a recovery by showing title in a third person. *Foster* v. *Smith*, 16 Ala. 194. According to the provisions of the deed, Mrs. Lee was the only party who could claim the cotton. The charge given excluded from the jury all consideration of the burden of proof, and was otherwise objectionable.

L. M. STONE, D. C. HOOD, and SNEDECOR & COCKRELL, *contra*.—The exclusion of the deed did not injure the appellant. If the wife's estate was governed by the statute, the husband, as statutory trustee, had such title to the cotton, as made him the only proper party to interpose the claim. If on the other hand, his wife had a separate estate by contract, and no trustee was provided by the deed, the legal title is in the husband, and having reduced her property to possession he may interpose a claim at law to try the right of property. *Gerald and wife* v. *McKenzie, et. al.*, 27 Ala. 166. The charge given was correct. Under the facts in evidence it could not mislead the jury. If it had a tendency to do so, the appellant should have requested an explanatory charge. As to the burden of proof see *Jarrell* v. *Lillie*, 40 Ala. 271.

[Pepper & Co. v. Lee.]

BRICKELL, C. J.—In *Short* v. *Battle*, 52 Ala. 456, it was held a conveyance to a married woman, for her sole and separate use, did not create a statutory but an equitable separate estate. Such is the character of the conveyance, under which the appellee deduced title in the court below. To the creation of the wife's equitable estate, the intervention of a trustee to hold the legal title is not necessary; a court of equity would appoint a trustee, or decree the husband to stand as trustee. *Fellows* v. *Tann*, 9 Ala. 999; *Gerald* v. *McKenzie*, 27 Ala. 166; *Friend* v. *Oliver*, ib. 532; *Pinkston* v. *McLemore*, 31 Ala. 308. The conveyance not nominating a trustee, the legal title of necessity resided in the husband, and he could interpose a claim to try the right when the property was levied on under legal process against another. *Gerald* v. *McKenzie*, supra, *Pickens* v. *Oliver*, 29, Ala. 528. For the purpose of showing the conveyance did not create a statutory separate estate, and that therefore, the appellee as husband, could not interpose the claim, the appellants proposed introducing the conveyance in evidence, but on objection of the appellee, the court refused to permit it to be introduced. The conveyance seems to have been indispensable to support the appellee's claim, and would more properly have been introduced by him. Notwithstanding that it would have shown the fact appellant proposed showing by it, the consequence of the fact was the opposite of what they supposed. Not showing a statutory separate estate, and no trustee being named in the deed, the husband had the legal title, and he alone could interpose the claim. If the court erred in sustaining the objection, it is, as to appellants, error without injury.

2. The charge of the court is not erroneous. It must be construed in connection with the evidence before the jury. Thus construed, though it may, as a legal proposition, be too broadly stated, it is correct. The issue before the jury was, whether the property levied on, was the property of the defendants, and liable to its satisfaction. R. C. §3017. There was no evidence of title in any one else, than the defendants in attachment, or in the claimant as trustee of his wife. The claimant had not offered to show title in any other person than himself to defeat the levy of the attachment. The only question before the jury was, had the defendant in attachment, or the claimant the title ? On this evidence, the court must of necessity have charged, that the jury could not find the property subject to the levy, unless it was the property of the defendants in attachment. The judgment is affirmed.