# Hollifield *v.* Wilkinson.

*Action on Promissory Note.*

1. *Husband; when may maintain action on note payable to wife.*—A complaint declaring in the name of the husband alone, on a promissory note payable to a person averred to be his wife, and alleging that the note was given for rent of lands of her statutory estate, is not demurrable because it does not allege that he was the owner of it; nor on the ground that the action should have been brought in the name of the wife.

3. *Same.*—The fact that the husband was present at the execution of a note, given for rent of lands of the wife's statutory estate, and directed it to be made payable to the wife, without more, is not sufficient to show a gift to the wife, and thereby defeat a right of action in him alone.

APPEAL from City Court of Lee.

Tried before Hon. JOHN M. CHILTON. *Died 2 Jan 1916.*

The appellee in his complaint claimed of the appellants the amount of a promissory note made by them at a certain date, payable, &c., which "plaintiff avers was given by them to Sallie T. Wilkinson, who is the wife of plaintiff, for rent of a place near Auburn, Ala., [which is fully described,] and plaintiff further avers that the said place, for the rent of which said note was given, was the statutory separate estate of said Sallie T. Wilkinson, secured to her by the laws of Alabama," &c., and that "plaintiff intermarried with her since March 1st, 1848."

There was a demurrer, on the ground that the complaint showed that the note was the *corpus* of the separate statutory estate of the payee, and that she alone should sue on; that the complaint shows no interest in the plaintiff, and fails to aver that he is owner of the note. The demurrer was overruled.

The defendants then pleaded, in substance, that the note was the *corpus* of the statutory separate estate of Mrs. Sallie T. Wilkinson. On issue joined on this plea a trial was had. "The defendants then proved that at the time the note was given, the plaintiff was present and directed that the note be made payable to the payee, Sallie T. Wilkinson, who was at the date of said note, and was at the institution of said suit, and now is, the wife of the plaintiff, and that said note is for rent of the place mentioned in the complaint, and which is the statutory separate estate of the payee. This was all the evidence."

The court, at the written request of the plaintiff, charged the jury, if they believed the evidence, to find for the plaintiff.

[Hollifield v. Wilkinson.]

The defendants excepted to the giving of this charge, and now assign it, and the overruling of the demurrer, as error.

WILLIAM H. BARNES, for appellant.—The charge given, took away the right of the jury to determine the effect of the evidence showing that plaintiff ordered the note to be made payable to the wife. The presumptions to be drawn from this evidence should have been left to the jury and not decided as matter of law by the court.—*Clement v. Lyles*, June term, 1873.

J. R. DOWDELL, *contra*.—It is true, the note was payable on its face to Mrs. Wilkinson, but the law on the facts stated in the complaint, made it payable to plaintiff.—29 Ala. 528; 28 Ala. 637. The mere fact that the note was made payable to the wife does not show a relinquishment by the husband of his right to it. This is exploded by his retaining possession and suing in his own name.—*Moore v. Jones*, 13 Ala. 296; see, also, *Lyles v. Clement*, June term, 1873.

MANNING, J.—The complaint in this cause discloses that the promissory note sued on, though payable to Sallie T. Wilkinson, was given for the *rent* of her statutory separate estate, and that the plaintiff, Thomas, was her husband. The averments, therefore, showed that the right of action was in him; and the demurrer to the complaint was properly overruled.—Rev. Code, § 2372; *Pickens & Wife v. Oliver*, 29 Ala. 528.

2. The case made by the complaint differs from that shown by the evidence—only in this: That the latter disclosed that plaintiff was present when the note was given for the rent of his wife's land, and directed that it be made payable to her. This may have been done only as a means of indicating what, in the event of the early death of either, it would be proper should be known, on what account the instrument was given. As it was not shown that Mr. Wilkinson, after receiving the note, ever delivered it as a gift to his wife, and it was shown to have been given for rents, which he was entitled to receive, recover and have without accountability to his wife therefor, and as it did not matter to appellant whether the wife or the husband was entitled to the money which he owed—we are of the opinion that there was no error in the charge of the court given upon request of the plaintiff in writing, (according to the statute), that if they believed the evidence, they must find for the plaintiff.

Judgment affirmed.