# Ellis *v.* The State.

*Indictment for Larceny of Hog.*

1. *Wife's statutory estate; increase of domestic animals.*—The natural increase of domestic animals, belonging to the statutory estate of a married woman (Code, §§ 2705-06), forms a part of the *corpus*, and does not belong to the husband.

2. *Larceny; ownership of property stolen.*—In an indictment for the larceny of a domestic animal belonging to the statutory estate of a married woman, the ownership may be laid in the husband, who has a special property, or in the wife, who has the general ownership.

FROM the Circuit Court of Dallas.

Tried before Hon. JOHN MOORE.

The indictment in this case charged that the defendant " feloniously took and carried away a hog, the personal property of Tilda Davenport." On the trial, as the bill of exceptions states, issue being joined on the plea of not guilty, the State introduced Tilda Davenport as a witness, " who testified in substance, among other things, that the hog alleged to have been stolen was her property ; that she was a married woman at the time it was stolen, then and now living with her husband,

[Ellis v. The State.]

Zack Davenport; that she had bought and paid for a sow before her marriage, and owned it at the time of her marriage; that after her marriage said sow had pigs, and the hog stolen was one of said pigs. This was, in substance, all the testimony as to the ownership of the hog;" and the court thereupon charged the jury, in substance, that the hog belonged to the statutory estate of the said Tilda Davenport, and the ownership was properly laid in her; to which charge an exception was duly reserved by the defendant.

No counsel for the appellant appeared in this court, so far as the record and the dockets show.

T. N. McClellan, Attorney-General, for the State, cited *Gans v. Williams,* 62 Ala. 41; *Davis v. The State,* 17 Ala. 416; *Lavender v. The State,* 60 Ala. 61; 44 Ind. 469; 6 Vroom, N. J. 64.

CLOPTON, J.—At common law, the wife could have no personal property in possession. Her personal property in possession, and that in action, on reduction to possession, became the property of the husband. Therefore, at common law, an indictment for larceny must allege the ownership in the husband. By our statutes, the right and title to her separate statutory estate is secured to the wife; she has the general ownership. An action for damages to the property itself, as distinguished from its use, must under the statute be brought in her name alone.—*Lee v. Tanenbaum,* 62 Ala. 501; *Pickens v. Oliver,* 29 Ala. 528. The natural increase of domestic animals, forming part of the *corpus* of her statutory separate estate, is the property of the wife.—*Gans v. Williams,* 62 Ala. 41.

It has been held that ownership may be laid in the husband, if he has possession, because he has a special property.—*Davis v. State,* 17 Ala. 416; *Lavender v. State,* 60 Ala. 60. The case made by the record is one where the general ownership is in one person, and a special property is in another. In such case, the pleader may lay the ownership in either, at his election.—2 Bish. on Crim. Pro. § 728; 1 Whar. on Crim. Law, § 932a; *Petre and Hadden v. State,* 35 N. J. L. R. 64.

Affirmed.