# Robinson *v.* The State.

*Indictment for Burglary and Grand Larceny.*

1. *Ownership of stolen property; variance.*—When the indictment alleges the larceny of property belonging to the husband, and the proof shows that it belongs to the wife's statutory estate, there is no fatal variance, since the ownership may be laid in either, unless the Code of 1886 has changed the law in this particular; and if it has effected a change (which is not decided), this court will presume, in favor of the ruling of the lower court, that the offense was committed before the new law became operative, unless the record repels the presumption.

APPEAL from Jefferson Criminal Court.
Tried before Hon. S. E. GREENE.

W. F. JOHNSON, for appellant, cited Clark's Crim. Law, §§ 881, 885; Russell on Crimes, 829; Sess. Acts, 1886–87, p. 81, § 7.

THOS. N, McCLELLAN, Attorney-General, *contra.*

CLOPTON, J.—The single count in the indictment combines a charge of two offenses, burglary and grand larceny. Upon such indictment a conviction may be had of either offense, or there may be a general conviction, in which event, however, only one punishment can be imposed. The ownership of the dwelling house entered, and of the personal property stolen therefrom, is laid in W. H. Wooldridge. It is conceded that the house was his property, but the articles stolen was the property of his wife. The court instructed the jury as to the offense of larceny; if they believed beyond a reasonable doubt, that the defendant broke and entered into the dwelling house of W. H. Wooldridge with the intent to steal, and carried therefrom the articles described in the indictment, they are authorized to find him guilty, though the articles stolen were the property of Mrs. Wooldridge. Prior to the passage of the act of February 28, 1887, defining the rights and liabilities of husband and wife, which constitutes sections 2341–2351, of Code of 1886, we held, that in an indictment for the larceny of personal property, which was the wife's statutory separate estate, the ownership

[McQuirk v. The State.]

may be laid in the husband or wife, at the election of the pleader, when they lived together and had possession of the property.—*Ellis v State*, 76 Ala. 90; *Lavender v. State*, 60 Ala. 60. The bill of exceptions does not purport to set out the entire evidence. The only statement as to the time when the offense was committed, is, that it was within three years before the finding of the indictment, which was filed in court April 25, 1888. Were it conceded, that had the record shown that the offense was committed after the passage of the act of February 28, 1887, the charge would be erroneous, as to which we express no opinion, we must presume in support of the rulings of the court, in the absence of an affirmation otherwise, that the offense was committed before the passage of the act; in which case the ownership is properly laid in the indictment, and there is no variance between the averments of the indictment and the proof.

Affirmed.