[Rollins, et al. v. The State.]

# Rollins *et al.* v. The State.

*Indictment for Larceny from Dwelling.*

1. *Charge; ownership of stolen property; husband and wife* —Since the Act of Feb. 28, 1887, the husband owns no interest in the wife's separate estate; and, a charge which asserts: "that although the proof showed that the property alleged to have been stolen was the property of Georgia Barrett, wife of Richard Barrett, the ownership was properly laid in the husband", is erroneous.

2. *How difficulty obviated* —Doubts 'arising as to ownership of personal property, in cases of this kind, may be obviated by having two counts, charging the ownership in the wife in one count, and in the husband, in the other.   '.

FROM the City Court of Montgomery.
Tried before the Hon. THOMAS M. ARRINGTON.
The opinion states the facts.

B. C. TARVER, and GORDON McDONALD, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

COLEMAN, J.—The defendants were indicted and convicted of grand larceny. The ownership of the property stolen was laid in Richard Barrett. The proof showed "that the property alleged to have been stolen was the personal property of Georgia Barrett, wife of Richard Barrett, and there was no testimony tending to show the husband to be the bailee or agent of the wife." We have quoted all the evidence on the question, as it appears in the bill of exceptions.

The court charged the jury, "that although the proof showed that the property alleged to have been stolen was the property of Georgia Barrett, wife of Richard Barrett, the ownership was properly laid in the husband."

It has been frequently decided that in an indictment for larceny the ownership of the property, though constituting the separate estate of the wife, could be properly laid, either in the husband or wife.—*Robinson v. The State.* 84 Ala. 434; *Ellis v. The State*, 76 Ala. 90; *Lavender v. The State*, 60 Ala. 60; *Davis v. The State*, 17 Ala. 416. All these decisions were rendered under the law as it existed prior to the adoption of the Act of February 28th, 1887, (Code of 1886–7, Sec.

2341), and the decisions were rested upon the fact that under the law as it then existed, the husband as trustee had some property interest in, or right of possession to, the property, stolen. Under the present law the ownership of the wife, is as complete and independent of the husband, as that of the husband is of the wife. She can not convey or contract or deliver without his assent, but this limitation in no way affects her complete ownership of property. She may sue the husband and recover from him.—*Bruce v. Bruce*, 95 Ala. 563; *Railroad Co. v. Bynum*, 92 Ala. 335.

Ownership of property belonging to the husband, could be laid in the wife, with equal propriety as the ownership of property belonging to the wife could be averred to be in the husband, under the present law. The bill of exceptions expressly precludes the claim, that as to the particular property, the husband was either bailee or agent of his wife.

Difficulties of this character may be easily obviated by having two counts, so as to charge the ownership in the wife in one count, and in the husband in the other count.—*Butler v. The State*, 91 Ala. 87; *Hornsby v. The State*, 94 Ala. 55.

Reversed and remanded.