# Pickett *v.* The State.

### Larceny.

(Decided September 7, 1916.    72 South. 693.)

1. **Larceny; Instructions.**—Where the trial was for larceny of the property of the husband, and the evidence showed that the property was the sole property of the wife, a charge hypothecated on joint ownership of husband and wife, was abstract and properly refused.

2. **Criminal Law; Presumption of Innocence.**—The presumption of innocence attends defendant only until his guilt is shown to the satisfaction of the jury beyond a reasonable doubt.

[Pickett v. The State.]

3. **Larceny; Ownership; Jury Question.**—Where the indictment charged the larceny of personal property of the husband, and there was evidence that the husband and wife were joint owners, and that the husband had possession as such joint owner, it was a question for the jury under appropriate instructions from the court as to whether the husband was in the legal sense owner of the property.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

Maulty Pickett was convicted of the larceny of a heifer and he appeals. Affirmed.

HENRY P. MERRITT, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

BROWN, J.—The indictment charges that the defendant "feloniously took and carried away a heifer, the personal property of Aaron Ellis." Aaron Ellis was examined as a witness, and positively testified that the heifer belonged to his wife, and there is no evidence showing that the heifer was in his possession as bailee or agent of the wife. At the conclusion of the evidence the defendant requested the affirmative charge in his behalf, which was refused. In this we find reversible error. Under the enabling statutes of this state, the title of a married woman to her personal property is absolute and unconditional, and the joint possession of such property by husband and wife will be referred to the title.—*Rollins v. State,* 98 Ala. 79, 13 South. 280; *Young v. State,* 100 Ala. 126, 14 South. 872; *Morningstar v. State,* 52 Ala. 405. This is not such a variance as could be cured by amendment of the pleadings as of right, and is not such as is within the curative provisions of rule 34 of circuit court practice.—175 Ala. xxi.

(1) The evidence shows that the wife was the sole owner of the heifer, and the charge hypothecated on joint ownership of Ellis and his wife was properly refused, as abstract.

(2) The presumption of innocence only attends the defendant until his guilt is shown to the satisfaction of the jury beyond a reasonable doubt.—*Waters v. State,* 117 Ala. 108, 22 South. 490. The charge asserting that "the defendant is presumed innocent until he is found guilty" was well refused.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

[Moore v. The State.]

ON REHEARING.

(3) On re-examination of the evidence set out in the record, we are of opinion that there is evidence tending to show that Ellis and his wife were joint owners of the heifer and that Ellis had possession of the heifer as such joint owner. On the tendencies of this evidence, it was a question for the jury, under appropriate instructions from the court, as to whether Ellis was, in the sense of the law, owner of the property.—*Fowler v. State,* 100 Ala. 96, 14 South. 860; *Young v. State,* 100 Ala. 126, 14 South. 872; *Smith v. State,* 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21.

Application granted; judgment of reversal set aside; affirmed.