# Thomas *v.* Posey, *et al.*

### Detinue.

(Decided December 19, 1916.  73 South. 747.)

1. **Husband and Wife; Ownership of Property.**—The evidence examined and held to show the property sued for belonged to plaintiff, the wife, that she did not sign a mortgage covering the property given by her husband to defendant, and that defendant acquired no title thereto.

2. **Same; Evidence.**—The mere fact that the husband used the wagon belonging to his wife would not impair her title, or afford any inference that the husband owned it, and the possession will be referred to the title.

3. **Trial; Argument of Counsel.**—Where the attorny in his argument to the jury said that defendant was a reputable white man and that plaintiff was a negro woman, the argument was improper, and should have been excluded.

APPEAL from Montgomery City Court.

Heard before Hon. C. P. McIntyre.

Detinue by Cornelia Thomas against J. B. Posey and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Plaintiff claimed under a purchase, while defendant claimed under a mortgage executed by Ben Thomas, the husband of Cornelia Thomas, the plaintiff, and a taking of the wagon under the mortgage. It was admitted that Cornelia did not sign the mortgage. In his argument to the jury the attorney for defendant said that Mr. Posey was a reputable white man, a conductor on a railroad train, and that plaintiff was a negro woman, but in making up your verdict you must not let this interfere one way or the other.

W. R. BRASSELL, for appellant. WARREN S. REESE, for appellee.

BROWN, J.— (1, 2) The uncontroverted evidence shows that the wagon in controversy was the property of the plaintiff, that she did not sign the mortgage held by the defendant, and that he acquired no title or interest in the wagon through said mortgage. The mere fact that Ben Thomas, the husband of the plaintiff, used the wagon, would not impair plaintiff's title, or

[Golson v. The State.]

afford an inference that Ben owned the wagon. In such a case, the possession will be referred to the title.—*Rollins v. State*, 98 Ala. 79, 13 South. 2820.

The plaintiff's motion for new trial should have been granted; and for the error committed by the court in refusing a new trial, the judgment of the city court is reversed.—*Cobb v. Malone*, 92 Ala. 630, 9 South. 738.

(3) That portion of the argument of defendant's counsel excepted to was highly improper, and should have been excluded.

Reversed and remanded.