## NASH & ROBINSON *vs.* SHRADER.

[ACTION UNDER CODE ON OPEN ACCOUNT FOR WORK DONE.]

1. *Bill of exceptions construed most strongly against appellant, and in favor of ruling of primary court.*—In an action on an open account for work done, defendant proved an agreement, made " in the spring of 1852", that goods to be furnished by him to plaintiff's sons, who were over twenty-one years of age, should be received in payment on plaintiff's account for the work then being done ; and his accounts against the sons, " for goods furnished in 1852", were also produced and proved, but were not set out in the record. The court ruled out these accounts, and the defendant excepted : *Held*, that it would be presumed, on error, that some of the items in the accounts were for goods furnished to the sons before the making of the agreement proved, since this construction would support the ruling of the primary court.

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought (under the Code) by Henry Shra-
der against the appellants, and was commenced by attachment.
No pleas appear in the record. On the trial, as appears from
the bill of exceptions, "the plaintiff offered evidence tending
to show that, in 1852, he had made one hundred and fifty safes
for the defendants, under a special contract to do the work
for $3 per safe. The evidence tended to show, on the part of
the defendants, that they were merchants, and had a store at
the place where said safes were being built, and had sold
goods to the plaintiff; that the plaintiff had several sons at
work with him, one of whom was a minor, and the others of
age; that in the spring of 1852, after the plaintiff had en-
tered upon the performance of said contract, he went to the
defendants, and requested them to let his sons have goods,
and agreed that the goods they might buy at defendants' said
store should be received in payment upon the said contract
for making said safes. The defendants produced, and proved,
accounts against each of the plaintiff's sons, for goods sold
them in 1852, amounting in the aggregate to more than $200;
that the articles in each of the sons' said accounts were charged
to them respectively, and not to plaintiff. They offered evi-
dence, also, tending to show that, in December, 1852, they
attempted to make a settlement of the matters of account be-
tween them and plaintiff and his sons; that they were present,
and in the presence of the parties to this suit, the said ac-
counts were admitted by Shrader and his sons to be correct,
and Shrader agreed that they might be allowed in the settle-
ment; but the parties, differing about one or two items in
plaintiff's account, departed without settling.

"The defendants asked the court to charge the jury, that
if they believed from the evidence, that Shrader agreed with
defendants, that if they would let his sons have goods, their
accounts should be received in payment for the safes he was
building; and that afterwards, when Shrader and his sons
were present, and were attempting to settle with the defend-
ants for the safes, they admitted the correctness of the accounts
in evidence, and Shrader said he would accept them in the

settlement,—then the accounts against his sons would be a good payment on the account sued on; which charge the court refused to give, and the defendants excepted."

MORGAN & MARTIN, for the appellants.

J. J. WOODWARD, *contra*.

RICE, J.—When a bill of exceptions fairly admits of two constructions, one of which will support the ruling of the primary court, while the other will not, this court will adopt the former. The bill of exceptions must be construed most strongly against the party excepting.

The bill of exceptions in this case shows, that the agreement, on which the defence was rested in the charge asked by the defendants, was made "in the spring of 1852." That agreement was, that the goods which the plaintiff's sons should buy at the store of the defendants should be received in payment upon the demand here sued on, the amount of which is some four hundred and fifty dollars. The defendants produced and proved accounts against each of the sons of the plaintiff, for goods sold them in 1852, amounting in the aggregate to more than two hundred dollars. The bill of exceptions does not profess to set out all the evidence; nor does it set forth the accounts against the sons of the plaintiff; nor does it negative the idea that some part of these accounts was for goods sold to the plaintiff *in the early part of* 1852, *and before the plaintiff made said agreement*, that the goods his sons should buy at defendants' store should be received in payment upon the demand here sued on.

Upon this bill of exceptions, we must intend that the accounts against plaintiff's sons, produced and proved in the court below, showed that some of the goods therein charged were sold to the plaintiff's sons *before the plaintiff made said agreement*. This presumption is consistent with the record, and sustains the refusal of the court below to give the charge asked by the defendants.

If any of the goods were sold to the adult sons of the plaintiff *before he made said agreement*, then the agreement did not bind him to receive an account for such goods in payment on the demand here sued on; and if he was not bound by this

agreement to receive an account for such goods in payment on his said demand, nor to pay for them, then the mere fact that, after these goods had been sold to his sons, he "*said* he would accept" the accounts for them "in the settlement", could not create a legal liability against him to take them in payment, nor make them a payment on his demand.

If the charge had been given as asked, it would have made it the duty of the jury to allow, as payment on the plaintiff's demand, all the accounts against the plaintiff's sons, although these accounts may have been *in part* for goods sold early in 1852, and before the plaintiff made the agreement referred to in the charge asked by the defendants.

When a charge, as asked, needs to be qualified or explained, to prevent it from misleading the jury, there is no error in refusing it.—Swallow v. The State, 22 Ala. 20 ; Foster v. Rodgers, at the present term. So, any charge may be refused, which assumes a fact to be proved which is not, although the fact is in itself immaterial.—Waters v. Spencer, 22 Ala. 460.

There is no error, and the judgment is affirmed.