## DAILEY vs. FOUNTAIN.

[TRESPASS QUARE CLAUSUM FREGIT.]

1. *Relevancy of evidence to show boundary.*—In an action to recover damages for breaking and entering plaintiff's close, and carrying away the rails of his fence, the true boundary between the parties being one of the controverted questions in the case, evidence of the "field-notes of the survey of the section of land in which the fence in controversy was situated, and of a survey made according to said field notes by a county surveyor of said county, and that the plaintiff had notice of the survey so made by the county surveyor," is relevant and admissible for the defendant, for "the purpose of showing his title, and the actual boundary of his land, and that said fence was upon his land."

2. *Construction of bill of exceptions.*—Where the bill of exceptions stated, that the defendant, "for the purpose of showing his title, and the actual boundary of his land, and that said fence was upon his land, then offered to introduce in evidence the field-notes of the survey of the section of land in which the fence in controversy was situated, and the evidence of a survey made according to said field-notes by a county surveyor of said county, and to show that plaintiff had notice of the survey so made by the county surveyor;" that "the plaintiff objected to the introduction of this evidence of the field-notes and the survey made according to them;" and that the court "ruled the evidence inadmissible for the purpose offered, and excluded it,"—*held*, that the objection was to the facts offered to be proved, and not to the medium or instruments of proof; and that the facts being relevant and material, the court erred in excluding the evidence. (A. J. WALKER,

Dailey v. Fountain.

C. J. *dissenting*, held that the bill showed merely an offer to introduce in evidence the field-notes and survey delineated on paper; which, in the absence of preliminary proof, being inadmissible, the exclusion of the evidence was not shown to be erroneous.)

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. C. W. RAPIER.

THIS action was brought by Hugh T. Fountain, against John Dailey, to recover damages for the defendant's wrongful act, in forcibly breaking and entering the plaintiff's close, and removing and carrying away his fence. The only plea was the general issue. The facts of the case, as disclosed on the trial, are thus stated in the defendant's bill of exceptions:

"There was evidence tending to show, that the plaintiff was in possession of the field lying on the south side of the old fence in controversy, and the defendant in possession of that lying on the north side; that said fence, for many years, had been regarded and acquiesced in as the partition fence between the owners of the fields on each side of it; that the plaintiff had repaired said fence in 1852, and in 1854, and that the defendant had also repaired said fence, from time to time, and claimed it as his; that about the last of January, or the first of February, 1858, said fence was removed by the defendant some few steps upon his own field, and repaired so as to make it better than the old fence; that at the time of this removal, and before then, the plaintiff and defendant were respectively in possession of said fields as aforesaid, with claim of title on the part of each to the field in his possession; and that a former owner of the defendant's field built the old fence long before plaintiff went into the possession of the field on the south side of it. The defendant, for purpose of showing his title, and the actual boundary of his land, and that said old fence was upon his land, then offered to introduce in evidence the field-notes of the survey of the section of land in which the fence in controversy is situated, and the evidence of a survey made according to said field-notes by a county surveyor of said county of Monroe, and to show that plaintiff had notice

of the survey so made by the county surveyor of said county. The plaintiff, by his counsel, objected to the introduction of this evidence of the field-notes and the survey made according to them. The court ruled the evidence inadmissible for the purpose offered, and excluded it; to which ruling and exclusion the defendant, by his counsel, excepted. The defendant then offered to introduce in evidence said field-notes, and the survey made according to them by said county surveyor, for the purpose of showing that he acted in good faith in the removal of said old fence, and with an honest belief that said fence was his, and that he had a right to remove it; at the same time admitting, that the survey which he proposed to introduce in evidence was made after the said removal of said fence. This evidence being objected to, the court ruled that it was inadmissible, unless there was other evidence connected with it to make it *perpetual* (?) and the defendant offering no other evidence in connection with it, it was excluded; to which ruling of the court, also, the defendant excepted."

The rulings of the court on the evidence, as above stated, are the matters now assigned as error.

J. W. POSEY, for the appellant.

S. J. CUMMING, *contra.*

STONE, J.—The true boundary between the plaintiff and defendant was one of the controverted questions in this cause. "Evidence of the field-notes of the survey of the section of land in which the fence in controversy is situated, and the evidence of a survey made according to said field-notes by a county surveyor of Monroe county, and evidence that the plaintiff had notice of the survey so made by the county surveyor of Monroe county," if unobjectionable as to the medium through which these facts were sought to be established, were certainly pertinent and material, and should have been received for the purpose of showing defendant's title, and the actual boundary of his land, and that said fence was upon his land.

Whether such testimony, when received, would have been sufficient, is not for our determination.—Code, § 818.

[2.] As we understand the bill of exceptions, no question can be here made on the instruments of proof. The offer was to prove certain *facts*, and we are not informed in what manner they were sought to be proved. The court refused to receive the evidence. We think the bill of exceptions admits of no other construction, than that the objection was to the facts sought to be proved, and not that the evidence was in form secondary. Thus construed, the evidence was admissible under section 818 of the Code.

Reversed and remanded.

A. J. WALKER, C. J.—I dissent from the opinion of the majority of the court in this case. Every reasonable intendment is to be made in favor of the ruling of the court below. A bill of exceptions must be understood most strongly against the party excepting. All decisions are presumed to be correct, until the contrary appears.— Holmes v. Gayle & Bower, 1 Ala. 517; Long v. Rogers, 19 Ala. 321; Nash v. Shrader, 27 Ala. 377. Construing the bill of exceptions in the light of those rules, I understand is as simply showing that an offer was made to "*introduce*" the field-notes and the survey delineated on paper. Neither was admissible, in the absence of preliminary evidence, any more than any other instrument of writing would be.—Nolen v. Parmer, 21 Ala. 66. In my opinion, consistency with established principle requires us to intend rather the absence of the preliminary proof, which would affirm the judgment, than its presence, which reverses it.