## CAZALAS AND WIFE *vs.* RODAYT AND WIFE.

[EJECTMENT UNDER CODE, AGAINST HUSBAND AND WIFE.]

1. *Form of complaint in statement of parties, and presumption in favor of judgment.* In ejectment against husband and wife, (Code, § 2131,) the marginal statement in the complaint of the names of the parties, showing that the defendants are sued as husband and wife, is equivalent to an averment that the

wife has an interest in the defense of the action, or in the lands sued for ; and after judgment on verdict against the defendants without objection or exception on their part, the appellate court will presume that the wife had an interest in the subject-matter of the suit, and that she was properly joined as a defendant.

APPEAL from the Circuit Court of Mobile. Tried before the Hon. C. W. RAPIER.

IN this case, the marginal statement of the parties' names, both in the complaint and in the judgment entry, is as follows : "Jules Du Courman and Merazie, his wife ; Victor Rodayt and Celia, his wife ; heirs of Victor Rodayt, deceased, vs. Francis Cazalas and Virginia, his wife." The complaint was in the usual form, and only stated that "the plaintiffs sue to recover the following tract of land," (describing it,) "of which they were possessed before the commencement of this suit, and, after such possession accrued, the defendants entered thereupon, and unlawfully withhold and detain the same," &c. The defendants pleaded, "in short by consent," not guilty, and the statute of limitations of ten years. The verdict of the jury, as set out in the judgment entry, was—"We, the jury, find for the plaintiffs the one undivided two-thirds of the land, and assess their damages for the detention of the same at $240." There is no bill of exceptions in the record.

The errors assigned in this court are : "1st, no judgment should have been rendered on the verdict ; 2d, the complaint is not sufficient in law to sustain the action ; 3d, the action of ejectment cannot be sustained against husband and wife jointly ; and, 4th, the action of ejectment cannot be sustained against husband and wife, unless for the trespass of the wife *dum sola,*—which is not shown by either the complaint or the record."

E. S. DARGAN, for appellant.

A. J. REQUIER, *contra.*

STONE, J.—Under the rule laid down in Pickens v. Oliver, 29 Ala. 528, there are many actions "for the

recovery of land, or possession thereof," which, under section 2131 of the Code, must be prosecuted against husband and wife.

In the same case, we laid down a rule in relation to pleading in such cases, which, when applied to suits of this kind, will only require that the marginal statement in the complaint, of the parties to the suit, shall disclose that the suit is prosecuted against husband and wife. This, we, in effect, then held, and now repeat as applicable to actions of this kind,—is equivalent to an averment that the wife has an interest in the defense of the action, or in the lands sued for.   If it turn out in proof that she has no interest, no judgment should be rendered against her.

Conforming to the rules declared in Pickens v. Oliver, *supra*, we hold that in the state of this record—the question being raised only on error—we must presume that the female defendant had "an interest in the subject-matter of the suit;" that the suit did not relate to her estate made separate by law; and that she was rightly joined as a defendant.

Indulging these presumptions, the law required that the wife should be joined as a defendant, and there was no error in rendering judgment against her.—Code, § 2131; Pickens v. Oliver, *supra*.

We need not now decide how such judgment is to be enforced against a defendant who is a married woman. See Code, § 2432; Tidd's Practice, pp. 194, 447, 1026, 1114, 1115; *Ex parte* Deacon, 5 Barn. & Ald. 759.

Affirmed.