## HADEN AND WIFE *vs.* TUCKER.

[TROVER FOR CONVERSION OF SLAVE.]

1. *What title will support action.*—Where a mother purchases a slave for her infant daughter, with money furnished for that purpose by the child's grandfather, but accepts a bill of sale to herself, the legal title vests in her, and not in her daughter; and the fact that she objected to the bill of sale at the time, because it did not convey the title to her daughter instead of herself, and that the vendor then promised to execute another bill of sale at some future time, does not vary the case.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. PORTER KING.

THIS action was brought by Joseph B. Haden and Emma
D., his wife, against James W. Tucker, to recover damages
for the conversion of a slave named Ellen.  The defendant
pleaded not guilty, "in short by consent, with leave to
give any special matter in evidence"; and issue was joined
on that plea.  The material facts of the case, as proved on
the trial, are these : The slave in controversy was pur-
chased by Mrs. Perkins, the mother of Mrs. Haden, in
1839, for her said daughter, who was then an infant ; and
the greater part of the purchase-money was furnished for
that purpose, by Solomon Perkins, who was the paternal
grandfather of the child.  The vendor's agent, with whom
the contract was made, wrote out a bill of sale for the
slave, and carried it to Mrs. Perkins, who paid the pur-
chase-money as agreed, but objected to the bill of sale,
because it conveyed the title to her instead of her daughter ;
and the agent then promised that his principal should
execute another bill of sale according to her wishes.  The
slave remained in the possession of Mrs. Perkins, who
always recognized her as belonging to her daughter.  In
1840, Mrs. Perkins married one Woolworth ; and the slave
being afterwards seized under execution against said Wool-
worth, a claim was interposed by Mrs. Woolworth, for her
said daughter, and bond given to try the right of property.
Mrs. Woolworth and her husband soon afterwards removed
to Texas, and the slave went into the possession of Solomon
Perkins, who declared his intention to hold her for his
grand-daughter.  Solomon Perkins died in 1845 ; and on
the division of his property in April, 1846, the slave was
allotted to the defendant, who had married one of his
daughters, as a part of his wife's distributive share of the
estate.  The court charged the jury, in effect, that the
plaintiffs could not recover on these facts; and this charge,
to which the plaintiffs excepted, is now assigned as error.

GOLDTHWAITE, RICE & SEMPLE, for appellants, cited

Had'en and Wife v. Tucker.

*Rowan v. Hutchinson,* 27 Ala. 334; *Sanders v. Stokes,* 30 Ala. 432; *Mobile Marine Dock and Mutual Insurance Co. v. McMillan,* 31 Ala. 721; *Isbell v. Brown,* 11 Ala. 1009; *Smith v. Armistead,* 7 Ala. 702 ; *Belcher v. Saunders,* 34 Ala. 9 ; 4 Selden, 497; 1 Greenl. Ev. §§ 24, 211.

WM. M. BROOKS, *contra,* cited *Jones v. Trawick,* 31 Ala. 253 ; *Sanford v. Howard,* 29 Ala. 684 ; and *Dill v. Thomason,* 30 Ala. 444.

STONE, J.—Only a single question has been argued, and we propose to confine our remarks to that question. The first charge given to the jury, and excepted to, raises the question, can the plaintiffs maintain the action of trover on the facts of this case, as supposed in that charge? There is nothing in this record from which we can infer that the sale of the slave Ellen was completed, and the bill of sale afterwards executed ; and hence, we need not consider how we would decide such supposed case. On the contrary, the facts of the case tend to show that the parties intended that whatever contract they made should be evidenced by writing, and that they did reduce it to writing. The writing is, then, the only evidence before us of any title actually conveyed. That writing vested the title in Mrs. Woolworth, then Mrs. Perkins. This conclusion rests on the familiar principle, that when parties reduce their contract to writing, all previous negotiations are presumed to be merged in the writing.—*Dill v. Thomason,* 30 Ala. 444, 454, and authorities cited.

But it is contended, that Mrs. Woolworth objected to the bill of sale, because it was made to her, and not to her daughter; and it was agreed that another title, directly to her daughter, the female plaintiff, should be substituted for the one then executed. This, we think, can not vary the case. Although Mrs. Woolworth objected to the title, on the ground stated, still she accepted it; and we are not informed that it has ever been changed. The view most favorable to plaintiffs which we could take of this case, would lead us to hold, that the parties had

intended to make one contract, and had made another. In such case, the unexecuted intention must yield to the contract actually made.—*Sanford v. Howard*, 29 Ala. 684; *Mobile Marine Dock and Mutual Insurance Co. v. McMillan*, 31 Ala. 722.

It is manifest from what we have said, that the evidence in this case fixes the title in Mrs. Woolworth. She alone, and those claiming in her right, could have maintained a suit for a breach of that contract; and she alone had the legal title, which was necessary to maintain the action of trover. Whether she might have been declared a trustee, and compelled, in equity, to surrender the slave to her daughter, is a very different question, not necessary to be here decided.—See *Jones v. Trawick*, 31 Ala. 253; *Sledge v. Clopton*, 6 Ala. 589.

We do not think the case of *Rowan v. Hutchinson*, 27 Ala. 334, when properly understood, is adverse to our rulings above.

What we have said is decisive of this case, and the judgment of the circuit court is affirmed.