# Avary v. Searcy.

### Action to recover Damages for Removal of Partition Fence.

1. *What witness may testify, as matter of fact.* — In an action to recover damages for the removal of a partition fence, although the evidence does not show that the fence was a statutory partition fence (Rev. Code, § 1292), a witness may testify that it "was a partition fence," if he knows the fact that it was erected by agreement between the parties who owned the lands; and the statement is not objectionable, as a "conclusion of law."

2. *Ex parte survey.* — A survey of a disputed line, made by any other person than the county surveyor, is not competent evidence against a party who had no notice of it, and who did not participate in making it.

3. *Damages.* — In trover for the conversion of certain fence-rails, or to recover damages for the removal of a partition fence, whereby plaintiff's lands were left uninclosed and exposed, the defendant cannot be allowed to prove, in mitigation of damages, "that plaintiff's premises were of small value;" notwithstanding the plaintiff had been allowed to prove, without objection, the value of the rent of his lands.

4. *Irrelevant evidence in rebuttal of irrelevant evidence.* — When irrelevant evidence has been admitted without objection, the adverse party may move to exclude it, at any time before the cause has been submitted to the jury, but he has no right to rebut it by other irrelevant evidence.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. L. B. STRANGE.

J. J. ROBINSON, for appellant.

E. G. RICHARDS, and GEO. W. GUNN, contra.

PETERS, C. J. — As shown in the bill of exceptions, this is an action instituted by Searcy against Avary, for damages, "for the removal of a partition fence between their lands." The plaintiff recovered a judgment in the court below, for damages and costs; and the defendant brings the case to this court by appeal. The matters assigned for error are shown in the bill of exceptions.

The counts of the complaint are in these words: "The plaintiff claims of the defendant one thousand dollars, as damages, for the conversion by him, on or about the months of January, February, and March, 1869, of the following chattels, the property of the plaintiff, to-wit, of about two thousand rails. The plaintiff claims of the defendant, also, the further sum of one thousand dollars, as damages done to the plaintiff by the defendant during the year 1869, for that the said defendant, in

[Avary v. Searcy.]

the year aforesaid, removed a certain rail fence of about ten hundred panels, inclosing in part plaintiff's land and plantation in Chambers county, Alabama, without the consent of the plaintiff. And the plaintiff avers, that the removal of the said rail fence left the said land and plantation exposed to the depredations of stock, and rendered the same impossible to cultivate during the years 1869 and 1870; and that he had a large body of valuable land cleared and ready for cultivation, which was left uninclosed by the said removal of said fence, and made impossible to cultivate by reason of said removal for said years; and further avers, that the said fence was a partition fence, built on or near the dividing line between the lands of the plaintiff and defendant, more than twelve years since, by plaintiff's vendor, with the consent of the defendant or his vendor, and the same has been recognized by the said defendant as a partition fence for said length of time; and avers that said fence was a partition fence, and that the plaintiff owned an individual interest in the same."

To this complaint, the only plea found in the record is in these words : " The defendant pleads the general issue." The issue thus formed was tried by a jury, who found a verdict for the plaintiff, and assessed his damages at two hundred and fifty dollars; and for this sum judgment was rendered for the plaintiff. On this issue, the plaintiff was permitted to prove the annual rents of the premises from which the fence was removed, and thereby rendered incapable of cultivation. Up to this stage of the proceeding in the court below, there was no objection. After this, the defendant below objected to the declaration of a witness for the plaintiff, that the fence in controversy was " a partition fence," on the ground that this was " a conclusion of law." The testimony does not show that the fence removed in this case was a statutory partition fence. Rev. Code, § 1292. It may have been a fence erected by agreement of the parties who owned the lands. The witness might have known this fact. He could then have proved its existence as an existing thing. 14 Ala. 151. Its character, then, would not have been a conclusion of law, but the result of the agreement of the parties. This evidence would have been competent. And every reasonable intendment is to be made in favor of the ruling of the court below. 27 Ala. 377 ; 19 Ala. 517 ; 1 Ala. 321. The evidence is not all set out in the bill of exceptions, and this court cannot presume that the witness did not know the fact to which he testified. There was no error in this.

2. The survey of the line of the fence, attempted to be offered in evidence on behalf of the defendant below, was not made by the county surveyor, the person appointed by law to

# 56 SUPREME COURT

make it. Rev. Code, §§ 947, 950, 953; *Dailey* v. *Fountain*, 35 Ala. 25. It was merely an *ex parte* examination of the disputed line of the fence, without any notice to the opposite party. Such a survey was incompetent for any purpose, against the party not participating in it. There was no error in rejecting it.

3. The refusal of the court below to permit the defendant to prove that "the plaintiff's premises were of small value, in mitigation of damages," was not error. The action is a personal action for the value of certain rails converted by the defendant, which belonged to the plaintiff. In such an action, the value of the land could not enter into the question of damages in any way. The first count of the complaint is clearly a count in trover. Rev. Code, p. 676, Form "*For the conversion of chattels.*" The second seems to be of the same nature, though somewhat inartificially drawn. In trover, the damages is the value of the chattel converted, at any time between the conversion and the judgment, with interest thereon. *Ewing* v. *Blount*, 20 Ala. 694; *Jenkins* v. *McConico*, 26 Ala. 213; *Williams* v. *Crum*, 27 Ala. 468.

4. The fact that the court below had permitted the plaintiff to prove the rent of the lands exposed by the removal of the fence in controversy, did not authorize the admission of the counter evidence of the value of the lands. The evidence of the rent was improperly admitted, but it was not objected to. This evidence could not be counteracted by other improper evidence. The proper mode to get rid of the effect of the improper evidence first admitted, would have been by motion to exclude it, before submitting the cause to the jury. 30 Ala. 672; 24 Ala. 273; 28 Ala. 110; 29 Ala. 244.

Taking the case as made by the record, which is somewhat peculiar, I am not able to discover any error in the proceedings or judgment in the court below, of which the appellant is entitled to complain.

The judgment of the court below is, therefore, affirmed.