[Clements v. Pearce.]

# Clements *v.* Pearce.

## *Statutory Action in Nature of Ejectment.*

1. *Sufficiency of certified transcript.*—A transcript from the records of the Circuit Court, duly certified by the clerk, in his official capacity, to contain a full, true, and complete copy of the record, the minute-entries, the execution docket, and the entries thereon, together with all the papers on file pertaining to the particular case, is admissible as evidence, although it does not show the time and place at which the court was held.

2. *Variance between judgment and execution.*—In a certified transcript of a judgment and execution thereon, if the judgment is for $752, and the execution purports to have been issued on a judgment for $752.68, the variance is immaterial, and furnishes no ground of objection to the transcript as evidence.

3. *Title of purchaser at sheriff's sale under execution; proof of outstanding title by defendant.*—In ejectment, or the corresponding statutory action, by a purchaser at sheriff's sale under execution on a judgment at law, he must prove that the defendant in execution had such an estate or interest in the lands, at the time of the levy, as was subject to levy and sale; and the defendant in the action, although he was also the defendant in execution, may defeat a recovery by showing that, notwithstanding his possession at the time of the levy and sale, he did not have such an interest as was subject to the execution.

4. *Execution and attestation of deed.*—When the grantor subscribes his own name to a conveyance, the attestation of one witness only is necessary to its valid execution (Code, § 2145); and if a person who is present writes his name as a subscribing witness, under the proper attestation clause, with the knowledge of the parties, and without objection from them, though without their request, and the deed is thereupon delivered and accepted, this is a sufficient attestation ; and the validity of the conveyance, thus executed, attested, and delivered, is not affected by an informal certificate of acknowledgment, subsequently written on it by the person who had signed his name as attesting witness.

5. *Description of lands in conveyance; parol evidence in aid of.*—In a conveyance of lands, if the description of the premises is so inaccurate, vague, and indefinite, that their identity is wholly uncertain, the deed is void, and parol evidence can not be received to cure the deficiency; but, before pronouncing the deed void on its face, the court should receive parol evidence of the circumstances surrounding the parties at the time, having relation to the subject-matter of the deed, and interpret the words of the deed in the light of those circumstances, if thereby the indefiniteness and uncertainty may be removed.

6. *Same.*—The rule is of very general application, that if the premises intended to be conveyed clearly appear from any part of the description in the deed, the conveyance will not be defeated because other circumstances of description are added, which are inapplicable, or incapable of a definite application: the latter will be rejected, and full effect given to the former words.

7. *Plat and survey by county surveyor.*—A survey of lands, made by a county surveyor without notice to the party in adverse interest, is not legal evidence against him (Code, § 688); but it would be admissible evidence in connection with the testimony of the surveyor himself as to its correctness.

APPEAL from the Circuit Court of Clay.
Tried before the Hon. JOHN HENDERSON.
This action was brought by Daniel C. Pearce, against Ben-

jamin A. Clements, to recover a certain tract of land, with damages for its detention. The record does not show when the action was commenced. An amended complaint was filed on the 2d March, 1876, in which the lands sued for were thus described: "The east half of section twenty-nine (29); the east half of the north-west quarter, and the west half of the south-west quarter, and the north-east quarter of the south-west quarter of said section (29); also, the east half of the south-east quarter, and the south-west quarter of the south-east quarter of section twenty (20); also, the south-west quarter of the south-west quarter of section twenty-one (21); all lying and being in township twenty-one (21), range eight (8), and situated in said county of Clay." The defendant entered a disclaimer as to a part of the lands, particularly described, and pleaded not guilty as to the residue; and as to the latter portion, he "disclaimed the possession as being in him in his own right, and said that his only possession of said land was as the husband of Tempy Clements, she being his wife, and the owner of said lands as her statutory separate estate, she being in the actual occupancy and possession of said land, which is managed and controlled by this defendant as her trustee."

The plaintiff claimed title under a purchase at sheriff's sale, under execution on a judgment which he had recovered against said defendant and one Prosser L. Clements; and the defendant held possession, in right of his wife, under a deed which he had executed to her, as hereinafter stated, by the name of Tempy Farrell, prior to his marriage with her, and prior to the rendition of the plaintiff's judgment against him. On the trial, as the bill of exceptions states, the plaintiff offered in evidence a certified copy of his judgment against the defendant, with the execution thereon, &c. This transcript showed that the plaintiff's action in that case was commenced on the 1st April, 1862; that judgment by *nil dicit* was rendered on the 26th October, 1867; that an execution was issued on this judgment on the 16th December, 1868, which was returned "No property found"; that an *alias* was issued on the 12th April, 1869, which was levied on the lands in controversy, and they were sold under the levy, on the first Monday in August, 1869, and purchased by the plaintiff; and that another execution was issued on the 5th September, 1871, and levied on the lands by the sheriff of Clay county, and they were sold under this levy on the 6th November, 1871, and bought by the plaintiff. The caption of this transcript, and the clerk's certificate appended to it, were in the following words:

"The State of Alabama, Talladega County: Be it remem-

[Clements v. Pearce.]

bered that, at a Circuit Court begun and held on the second Monday after the fourth Monday in September, 1867, it being the 7th day of October, present and presiding Hon. JOHN HENDERSON, judge of the tenth judicial circuit of the State of Alabama, the following judgments were rendered, and proceedings had."

"The State of Alabama, Talladega county : I, John A. Huey, clerk of the said Circuit Court, do hereby certify, that the foregoing pages, numbered from one to thirteen, both inclusive, contain a full, true, and complete transcript of the record, the minute-entries, the execution docket, and the entries thereon, together with all the papers of file in my office, in the case of Daniel C. Pearce against Prosser L. Clements and Benjamin A. Clements. In witness whereof, I have hereunto set my hand, and affixed my seal of office, this 22d August, 1876."

"The defendant objected to the admission of this transcript as evidence, on the following grounds : 1. It does not appear from the transcript where the court was held that rendered the judgment set out in the transcript. 2. The judgment set out in the transcript is for $752, and the execution issued from said judgment, including the execution under which plaintiff claims to have purchased, recites that it issued on a judgment for $752.68. 3. The certificate of the clerk, authenticating said transcript, is defective in this : it does not purport to be the certificate, or the official act, of the clerk of the Circuit Court of Talladega county, Alabama. It does not appear from said certificate that the transcript is copied from the record, or complete record, in the case of Daniel C. Pearce against Prosser L. and Benjamin A. Clements, that are of record, or on file, in the Circuit Court of Talladega county. It does not appear from the certificate that the transcript is copied from the record, the minute-entries, the execution docket, and the entries thereon, together with all the papers of file in the Circuit Court of Talladega county, in the case of Pearce v. Clements and Clements, as the same are of record, or on file, or copied correctly from the record or files of said court in said cause." The court overruled these objections, and admitted the transcript; and the defendant excepted. The plaintiff then offered in evidence the sheriff's deed to him for the lands, which was dated the 7th November, 1871, and recited that a judgment was rendered by the Circuit Court of Talladega county, on the 26th October, 1867, in favor of D. C. Pearce against Prosser L. and Benjamin A. Clements, for $752.68 ; that an execution was issued on this judgment on the 5th September, 1871, and was levied on the lands on the 21st

[Clements v. Pearce.]

September, 1871, by the sheriff of Clay county; and that the lands were sold under this levy on the 6th November, 1871, and were bought at the sale by the said Daniel C. Pearce. "The defendant objected to said deed, on the ground that the transcript above set out did not show any authority in said sheriff to levy or sell said lands." The court overruled the objection, and the defendant excepted. "The plaintiff offered evidence, also, that the defendant went into the possession of the land sued for about 1858, and had remained in the possession of it up to the time of the trial, except about one year (from the spring of 1864 to the spring of 1865), when he was in the military service of the Confederate States; also, the value of the rents each year, from 1874 to 1878."

The defendant offered in evidence a deed from himself to Tempy Farrell for the lands, which was dated the 2d May, 1864, and recited a consideration of $5,000 in hand paid; and it was signed by the grantor, with his seal annexed, and purported to be "signed, sealed, and delivered in presence of Merritt Street, J. P."

The lands conveyed by the said deed were thus described: "A certain tract or parcel of land in the county of Talladega, State of Alabama—Lot No. 1312, a part of the west half of the south-east quarter; a part of No. 4100; the east half of the south-east quarter; a part of the east half of the northwest quarter; a part of the same described quarter; all lying west of Eniptochopko creek, to the agreed line between John Kerley and John W. Bishop, belonging to the said B. A. Clements; in section twenty-nine (29), township twenty-one (21), of range eight (8). Also, No. 4101, the east half of the north-east quarter; No. 1310, the west half of the north-east quarter; all in section twenty-one (21), township twenty-one (21), range eight (8). Also, the east half of No. 4102; the east half of the south-east quarter of No. 4105; the southwest quarter of south-east quarter of section twenty, township twenty-one, range eight; No. 6353; the south-west quarter of the south-west quarter of section twenty-one, township twenty-one, range eight. Also, a portion of the north-east quarter of the south-west quarter of section twenty-nine, township twenty-one, range eight; lying east of an agreed line, running in a north-western direction, as an agreed line between John Kerley and John W. Bishop. Containing in all four hundred and seventy-five acres, more or less, in the Coosa land district of Alabama; being the entire tract of land purchased by said B. A. Clements of William L. Kerley."

Appended to this deed was a certificate in these words:

"I, Merritt Street, an acting justice of the peace in and for the county and State aforesaid, hereby certify, that Benjamin A. Clements, who is well known, and whose genuine signature appears to the foregoing conveyance, did voluntarily execute the same in my presence, after fully knowing the contents of the same, on the day the same bears date. Given under my hand, this 28th day of February, 1865."

"To prove the execution of this deed, the defendant offered said Merritt Street as a witness, who testified, in substance, as follows: 'I wrote the deed at the house of Benjamin A. Clements, at the time it bears date. Dr. J. W. King had come there to witness the deed. It took some time to get up the numbers of the land, and to write the deed; and when the deed was completed, it was late at night, and Dr. King was asleep. I suggested that he was tired and asleep, and it was not necessary to awake him; that I was an officer, and my signature to it would be sufficient. I saw Clements sign the deed, and I signed it, and saw Clements deliver it to Tempy Farrell, who was present. I signed it officially.' (On cross-examination.) 'I was not called on by any one to witness the deed. Dr. King was there to witness it, but he was asleep, and I thought my signing it as an officer would be sufficient. I wrote the acknowledgment of the deed. I do not remember where I was when it was done, nor who was present, nor who brought it to me.' The plaintiff objected to the admission of this deed as evidence, on the following grounds: 1. Because, in this case, the defendant can not set up an outstanding title. 2. Because said deed is a nullity, being neither acknowledged, nor witnessed according to law. 3. Because it does not describe or convey the lands in controversy. 4. The description of the land is so defective and uncertain, that parol evidence can not be introduced for the purpose of showing the boundary of the land, or any other description of it. The court sustained the objections, and excluded the deed; to which the defendant excepted."

"The defendant stated that this deed was offered in evidence to show that the legal title of the land sued for was in Tempy Farrell, now Clements, at and before the rendition of the judgment under which the execution issued and the land was sold, and was offered in connection with the following evidence: 1. A plat and diagram, with the certificate thereof, made by J. D. Barron, the county surveyor of Clay county," which is then copied in the bill of exceptions. "The plaintiff objected to the plat and diagram, as evidence to the jury, because the same is illegal, and because he had not received any notice of the survey, or that it was going to be made. The court ruled, that if these objections were well

[Clements v. Pearce.]

taken, it could be offered to the court, for the purpose of showing the competency of other evidence, which the defendant announced that he would offer to make the said deed to Farrell competent. The defendant proposed to prove, that John W. Bishop was in possession of all the lands mentioned in the complaint forty years ago, and was the owner of the lands adjoining those described in the complaint on the western and southern sides of said lands; and that said Bishop, about the year 1850, sold to John Kerley the lands described in the plat and diagram made by Barron, in sections 20, 21, and 29, township 21, range 8, east; and that a dividing line was established by said Bishop and said Kerley, ascertaining the boundary between the lands sold by Bishop to Kerley, and the lands owned by Bishop west of said line. Said line commenced at a point on the section line dividing sections 21 and 29, near the north-west corner of section 29, and running thence in a south-easterly direction, crossing Eniptochopko creek twice, on the north-west quarter of the north-west quarter of section 29, and in the same direction to a point on said creek in the north-east quarter of the south-east quarter of said section. The initial point of said line is marked D, and the terminal point C, on said creek, on the survey and diagram offered in evidence; but the original location of this line, near (?) the initial and terminal points of said line, were not proved, nor otherwise shown, than by the recitals in deeds, and the plat and diagram offered in evidence. The lands on the west of the said agreed boundary have been in the possession of said Bishop, and those claiming under him, for forty years past, and for fifteen years past in the possession of Merritt Street. The lands described in the complaint, and south of Eniptochopko creek, were in the possession of John W. Bishop, and those claiming under him, down to 1856; and have been, from 1858 to this date, in the possession of John Lucius and Merritt Street. About 1850, John Kerley sold to William L. Kerley the lands described in the said deed from B. A. Clements to Tempy Farrell; and he went into possession of the same, and occupied and cultivated them as his own until December, 1858, when he sold and conveyed the same to said B. A. Clements, who went into possession of them." (The deed from said Kerley to Clements is here set out.)

"The defendant testified as follows: 'I purchased the land in controversy, in December, 1858, from William L. Kerley, and went into the possession of the same. I was never in possession, nor claimed any land in section 29, other than those described in Kerley's deed to me. The remainder of said section is in the possession of Street and Lucius. On

the 2d May, 1864, I was in possession of the lands that I had purchased from Kerley; and on that day I sold them to Tempy Farrell, and executed and delivered to her the deed in evidence; and on the next day I entered the military service of the Confederate States, and started to Virginia. Tempy Farrell was at my house the day and night on which the deed was executed. I put her in possession of the lands, and she has been in possesson of them ever since, cultivating them, and claiming them as hers. I was absent from Alabama, from May 3, 1864, to May 17, 1865, and was not in Alabama on the 28th February, 1865. When I returned, on the 17th May, 1865, I went to Tempy Farrell's and remained there that night. I was married to her on the 19th May, 1865. I stayed [at her house?] most of the time after my return, on the 11th May, to the 19th, when we were married. We have resided on said land together, from the time of our marriage until now, and they have been occupied and cultivated as my wife's separate estate, and have been so treated and considered since May 2, 1864."

"On the foregoing evidence, the defendant again offered in evidence the said deed from B. A. Clements to Tempy Farrell, for the purpose stated by the defendant; and the plaintiff renewed his objections, on the grounds heretofore stated by him. The court sustained the plaintiff's objections, and the defendant excepted."

The several rulings of the court on the evidence to which, as above stated, exceptions were reserved by the defendant, with other matters, are now assigned as error.

JOHN T. HEFLIN, for the appellant.

PARSONS & PARSONS, *contra*.    (No briefs on file.)

BRICKELL, C. J.—The objections made to the introduction of the transcript of the record of the judgment and proceedings thereon, from the Circuit Court of Talladega county, were properly overruled. It was certified by the clerk, in his official capacity, to be *a full, true, and complete transcript of the record, the minute-entries, the execution docket, and the entries thereon, together with all the papers of file*, pertaining to the particular cause. *Time and place* are constituents of the jurisdiction of courts. The Circuit Court of Talladega, or of any other county, can not be held at any other place than that the law appoints, nor at any other time than is prescribed by law. If it appeared affirmatively that its sittings were elsewhere, or at some time not authorized, its proceedings would be *coram non judice*, and would be repu-

diated, whether assailed directly, or introduced as the foundation of a right, or a muniment of title to property. It is a court of general jurisdiction, and all reasonable intendments are made to support its judgments, whether they are directly or collaterally assailed; and the mere silence of the record, as to the time and place of its sitting, would be supplied by intendment. The record can not, however, be regarded as silent; it affirms, in the caption, that it is the record of a Circuit Court, begun and held at the time appointed for holding the Circuit Court of Talladega county; and in the margin, to which reference must be made, it is entitled: " *The State of Alabama, Talladega county.*"

2. The slight variance between the amount of the judgment, and the amount specified in the execution issuing on it, was immaterial.

3. A plaintiff in ejectment must recover on the strength of his own title. Claiming title under a purchase at sheriff's sale, made under execution issuing on a judgment of a court of law, he must prove that the defendant in the judgment, to whose title he succeeds, had an interest or estate in the lands, which was subject to levy and sale. The recent possession of the defendant, accompanied by acts of ownership, is *prima facie* evidence of such an estate or interest. To defeat a recovery, the defendant may show that, notwithstanding such possession, the defendant in execution had no such interest or estate; and it is the right of a defendant in ejectment, or in the corresponding statutory real action, in all cases, to show an outstanding legal title in another; unless he is estopped, because of some act done by him, or because of some relation existing between him and the plaintiff, or between the plaintiff and those with whom he is privy in estate or in possession.—*McKinney v. Davis,* 5 Ala. 729; *Elmore v. Harris,* 13 Ala. 360; *Cook v. Webb,* 18 Ala. 810; *King v. Stevens, Ib.* 475. A defendant in execution, when sued by a purchaser at a sheriff's sale, is not an exception to the rule. There is no relation existing between them, which estops him from showing that by the sale the purchaser acquired no title; and this is shown, whenever it appears that he was without interest or estate in the lands which was subject to levy and sale, and that his possession was a bare occupancy by the permission of another, in whom the legal estate resided; or that his possession was in conjunction with the possession of the true owner, the law then referring the possession to the title. The first ground of objection made by the appellee to the introduction of the deed from the appellant to Farrell, was not, consequently, well taken.

4. The second ground of objection was also untenable.

When the grantor subscribes his name, being able to write, to a conveyance, the attestation of but one witness is necessary to its valid execution.—Code of 1876, § 2145. The conveyance was attested by Merritt, who wrote his name beneath the words, " *signed, sealed and delivered in presence of,*" opposite the subscription of the grantor, in his presence and that of the grantee, with their knowledge, and without dissent from them, though without a request from them, in words, that he should attest its execution. The deed was then delivered to the grantee ; and the delivery and acceptance is an assent to the attestation, equivalent to an express precedent request that he should attest. The informal certificate of acknowledgment made by Merritt subsequently, untrue in its statements, did not affect the validity of the deed as an executed conveyance.

5. Nor should the remaining ground of objection have been sustained. A conveyance of lands, so inaccurate, vague and indefinite in its description of the premises, as to render their identity wholly uncertain, it may be conceded is void ; and that parol evidence of the intention of the parties can not be received to cure the deficiency.—1 Green. Ev. § 301. But, before pronouncing it void for uncertainty, the court is bound to receive parol evidence of the circumstances surrounding the grantor, which have relation to the subject-matter, when the conveyance was executed, and interpret his words in the light of such circumstances ; and it is only after a comparison of these circumstances with the description of the premises in the conveyance, and it is found unintelligible, that the conveyance can be pronounced void for uncertainty.—*Pollard v. Maddox*, 28 Ala. 321. The duty of the court is to ascertain, if possible, the intention of the grantor, and to give it effect, so far as the law will permit. In grants and conveyances there is often an incongruity between courses and distances as expressed, and monuments, or natural objects, capable of clear, accurate designation and description, such as marked trees, mountains, water-courses ; and these control, because the natural presumption is, that the parties are less liable to be mistaken about them, than about courses or distances.—*McIver v. Walker*, 9 Cranch, 179.

The lands are doubtless inaccurately described, if we look only to the numbers and quantity as collected from the government survey, by which to identify them. This description, however, is accompanied with the further description, that a part of them lies west of *Eniptochopko Creek*, extending to the agreed line between John Kerley and John W. Bishop, belonging to the grantor ; a further part of them lying east of that agreed line, and that the whole tract conveyed

[Davis's Adm'rs v. Davis.]

was purchased by the grantor of William L. Kerley. The intent to pass the lines lying east of the agreed line, and west of the creek to that line, and the entire tract purchased by the grantor of Kerley, is clearly expressed. Parol evidence of the exact situation and location of the lands, and of their identity, as shown by these descriptions, was admissible, to relieve and cure whatever indefiniteness and discrepancy there may be in the other descriptions.—*Saltonstall v. Riley*, 28 Ala. 164.

6. The rule is of very general application, that if, from any part of the description, the premises intended to be conveyed clearly appear, the conveyance will not be defeated, because other circumstances of description are added, which are inapplicable, or incapable of a definite application. Such circumstances are rejected, and the maxim, *falsa demonstratio non nocet*, is applied.—3 Washb. Real Prop. 344-47. The conveyance to Farrell ought to have been received in evidence; and parol evidence, showing that the lands sought to be recovered, were the lands the grantor had purchased of Kerley, situate in reference to the agreed line between Bishop and Kerley, gave application to the description in the conveyance, identified them as the lands passing by it, and ought also to have been received.

7. The survey of the lands made by Barron, the county surveyor, notice of it not having been given to the appellee, was not, of itself, legal evidence. But it would be admissible, in connection with the evidence of the surveyor.—*Nolin v. Parmer*, 21 Ala. 66; *Bridges v. McClendon*, 56 Ala. 327.

For the error in excluding this deed to Farrell, the judgment must be reversed, and the cause remanded.